1  DION N. COMINOS  (SBN: 136522)
   dcominos@gordonrees.com
2  CATHERINE A. SALAH  (SBN: 154524)
   csalah@gordonrees.com
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA  94111
5  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
6
   Attorneys for Defendant
7  COMPASS VISION, INC.

8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
   DEBORAH WILSON                            CASE NO. C 07-03431 BZ
12
                        Plaintiff,           **MEMORANDUM OF POINTS
13                                           AND AUTHORITIES IN
         vs.                                 SUPPORT OF COMPASS VISION,
14                                           INC.'S MOTION TO DISMISS
   COMPASS VISION, INC.; and NATIONAL        FOR FAILURE TO STATE A
15 MEDICAL SERVICES, INC., d/b/a NMS LABS    CLAIM UPON WHICH RELIEF
                                             CAN BE GRANTED**
16                      Defendants.      /
                                             **[Fed. R Civ. P. 12(b)(6)]**
17
                                             Date:     August 15, 2007
18                                           Time:     10:00 a.m.
                                             Crtrm:    G
19                                           Judge:    Hon. Bernard Zimmerman

20

21

22

23

24

25

26

27

28

CMPVS/1046170/1385989v.1

**TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ..................................................................................................1

II.  PROCEDURAL BACKGROUND.........................................................................2

III. FACTUAL BACKGROUND ................................................................................2

IV. LEGAL AUTHORITY ..........................................................................................3

    A.   This Motion is Properly Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) ..........................................................................................3

    B.   Plaintiff's Complaint Fails to State a Cause of Action for Negligence ..................3

    C.   Plaintiff's Complaint Fails to State a Cause of Action for Fraudulent Misrepresentation.................................................................................................4

    D.   Plaintiff's Complaint Fails to State a Cause of Action for Negligent Misrepresentation.................................................................................................7

    E.   Plaintiff Has Failed to Exhaust Her Administrative Remedies With the California State Board of Nursing .......................................................................9

    F.   Plaintiff's Complaint Fails to State Facts Sufficient to Recover Damages for Emotional Distress ........................................................................................9

    G.   Plaintiff's Complaint Fails to State Facts Sufficient to Recover Punitive Damages.............................................................................................................10

V.   CONCLUSION......................................................................................................11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**TABLE OF AUTHORITIES**

**Page No.**

**Cases**

*Abbott v. Stevens*,
   133 Cal. App. 2d 242 (1955) .................................................................................................. 7

*Arroyo v. Wheat*,
   591 F.Supp. 136, 139 (D. NV 1984) ......................................................................................... 6

*Artiglio v. Corning Inc.*,
   18 Cal. 4th 604 (1998) ............................................................................................................... 3

*Bily v. Arthur Young & Co.*
   3 Cal. 4th 370 (1992) ................................................................................................................ 3

*Bowen v. First Family Services, Inc.*,
   233 F.3d 1331 (11th Cir. 2000) ................................................................................................. 7

*Christiansen v. Roddy*,
   186 Cal. App. 3d 780 (1986) ..................................................................................................... 8

*Cicone v. URS Corp.*,
   183 Cal. App. 3d 194 (1986) ..................................................................................................... 4

*Committee on Children's Television, Inc. v. General Foods Corp.*,
   35 Cal.3d 197 (1983) ................................................................................................................. 5

*Desaigoudar v. Meyercord*,
   223 F.3d 1020 (9th Cir. 2000) ................................................................................................... 5

*Eight Unnamed Physicians v. Medical Executive Committee of the Medical Staff of Wash.
   Township Hosp.*,
   150 Cal. App. 4th 503 (2007) .................................................................................................... 9

*Felton v. Schaeffer*,
   229 Cal. App. 3d 229 (1990) ..................................................................................................... 3

*Friedman v. Merck & Co., Inc.*,
   107 Cal. App. 4th 454 (2003) ........................................................................................ 3, 6, 8, 10

*Garcia v. Superior Court*,
   50 Cal.3d 728 (1990) ................................................................................................................. 8

*Gawara v. United States Brass Corp.*,
   63 Cal. App. 4th 1341 (1988) .................................................................................................... 8

*Goehring v. Chapman Univ.*,
   121 Cal. App. 4th 353 (2004) .................................................................................................... 6

*In re GlenFed, Inc. Secur. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ..................................................................................................... 5

*Keene v. Wiggins*,
   69 Cal. App. 3d 308 (1977) ....................................................................................................... 3

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TABLE OF AUTHORITIES

**Page No.**

*Mercado v. Leong*,
  43 Cal. App. 4th 317 (1996) ................................................................................... 10

*Mock v. Michigan Millers Mut. Ins. Co.*,
  4 Cal. App. 4th 306 (1992) ..................................................................................... 10

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ..................................................................................... 5

*Nagy v. Nagy*,
  210 Cal. App. 3d 1262 (1989) ............................................................................... 6, 7

*Randi W. v. Muroc Joint Unified School Dist.*,
  14 Cal. 4th 1066 (1997) ............................................................................................ 8

*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,\*
  57 Cal. App. 3d 104 (1976) ...................................................................................... 5

*Roddenberry v. Roddenberry*,
  44 Cal. App. 4th 634 (1996) ..................................................................................... 4

*Roth v. Shell Oil Co.*,
  185 Cal. App. 2d 676 (1960) ................................................................................... 10

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) ..................................................................................... 5

*Stansfield v. Starkey*,
  220 Cal. App. 3d 59 (1990) ....................................................................................... 5

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ....................................................................................... 5

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................... 5

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) ............................................................................... 4, 7

*Wool v. Tandem Computers, Inc.*,
  818 F.2d 1433 (9th Cir. 1987) ................................................................................... 5

*Zumbrum v. Univ. of So. Cal.,*
  25 Cal. App. 3d 1 (1972) ........................................................................................... 7

**Statutes**

28 U.S.C. section 1441 ...................................................................................................... 2

California Civil Code section 1710 ............................................................................... 4, 8

California Health and Safety Code section 1337.9 .......................................................... 9

Civil Code section 1572 .................................................................................................... 8

-iii-

**TABLE OF AUTHORITIES**

**Page No.**

Federal Rule of Civil Procedure 9 .................................................................................................... 5

Federal Rules of Civil Procedure 12 .......................................................................................... passim

**Other Authorities**

5 Witkin, *Summary of California Law*, Torts, section 720 at 819 (9th ed. 1988) .......................... 8

*Cal. Practice Guide: Federal Civil Procedure Before Trial*, chapter 9, section 8:45 .................. 6

Restatement (Second) of Torts section 552 ..................................................................................... 8

1   Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Compass Vision, Inc.
2   ("Compass Vision") respectfully submits the following Motion to Dismiss Plaintiff's Complaint
3   for Failure to State a Claim Upon Which Relief Can Be Granted.

## I. INTRODUCTION

Plaintiff Deborah Wilson is a registered California nurse. Plaintiff alleges that due to admitted substance abuse, she was required by the California State Board of Nursing ("the Nursing Board") to participate in a drug and alcohol monitoring program as a condition of employment. The testing method selected by the Nursing Board to which Plaintiff was required to submit is known as "EtG" testing. EtG stands for ethyl glucuronide. The EtG test is a biomarker test that detects the presence of ethyl glucuronide, a metabolite of ethanol (alcohol) in urine samples.

Although Plaintiff apparently tested positive for the presence of alcohol in her system while working as a nurse and participating in the Nursing Board's Recovery Program, Plaintiff denies that she had consumed any alcoholic beverages. In her Complaint, Plaintiff alleges that Compass Vision, a third party administrator of the EtG testing services, which neither performed EtG testing on Plaintiff nor reported the results to the Nursing Board, is somehow at fault for the purported false positive test results and her resultant suspension from work. Plaintiff alleges causes of action against Compass Vision for negligence, fraudulent misrepresentation and negligent misrepresentation, seeking both emotional distress and punitive damages in connection therewith.

Plaintiff's claims against Compass Vision are fatally defective for a myriad of reasons. As is readily apparent from the face of her Complaint, the only material allegations against Compass Vision upon which she bases her claims consist of the following: (1) Compass Vision is a third party administrator ("TPA") specializing in the design, implementation and management of drug and alcohol testing programs, (2) Compass Vision contracted with the California State Board of Nursing to serve as the TPA of the alcohol testing program for California nurses, including Plaintiff, (3) Compass Vision promoted EtG testing as the "gold standard" for alcohol detection, and (4) Compass Vision established a reporting limit or cutoff of

-1-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

250ng/mL at or over which EtG test results would be reported as "positive" for drinking alcohol. None of these allegations is sufficient to state a claim against Compass Vision upon which relief can be granted, subjecting her Complaint to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6).

## II. PROCEDURAL BACKGROUND

On May 22, 2007 Plaintiff filed a Complaint against Compass Vision and Defendant National Medical Services, Inc. ("NMS") in the Superior Court of the State of California, Alameda County. On June 29, 2007 Compass Vision filed a Notice of Removal to this Court pursuant to 28 U.S.C. section 1441(a).

## III. FACTUAL BACKGROUND

Plaintiff, a registered nurse in California, admitted in 2002 to prescription pain killer dependency. After so admitting, she signed a "Recovery Contract" with the California State Board of Nursing, agreeing to submit to random alcohol and drug testing for a period of three years. (Complaint at ¶ 8.) Plaintiff alleges that the State of California instituted EtG testing of nurses participating in the California Nurses Recovery Program, including Plaintiff. (*Id.* at ¶ 15.) According to Plaintiff's Complaint, an independent contractor hired by the Nursing Board, Maximus, served as the administrator of the Recovery Program. (*Id.* at ¶ 4.) She pleads that the Nursing Board, through Maximus, became a signatory to a service contract with Compass Vision as its TPA for the EtG testing program for California nurses, including Plaintiff. Plaintiff's alleges that, in turn, Compass Vision engaged NMS as its testing lab facilities for EtG testing of nurses, including Plaintiff. (*Id.* at ¶¶ 6 and 15.) According to her Complaint, Defendant NMS was responsible for providing the Nursing Board with the results of the testing. (*Id.* at ¶ 7.)

Plaintiff asserts that on two separate occasions, in May and June 2005, she was reported by NMS as having tested positive for EtG, despite her claim that she had not consumed any alcoholic beverages. As a result, Plaintiff was suspended from work. (Complaint at ¶¶ 17 and 18.) According to her Complaint, she was subsequently terminated from the Nurses Recovery Program when she tested positive for opiates. (Complaint at ¶ 19.) Plaintiff asserts that her positive result for opiates was a result of eating poppy seeds. (*Ibid.*) Plaintiff does not allege that

-2-

Compass Vision was responsible for the opiate testing or reporting.

## IV. LEGAL AUTHORITY

**A.   This Motion is Properly Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a mechanism for disposing of legally insufficient claims.  This Rule provides that a motion to dismiss is proper where a pleading fails to state a claim upon which relief can be granted.

As is readily apparent from the face of Plaintiff's Complaint, dismissal of her Complaint, in its entirety, under rule 12(b)(6) is proper since none of her three causes of action against Compass Vision, even construed liberally, come anywhere close to stating a valid claim upon which relief can be granted.

**B.   Plaintiff's Complaint Fails to State a Cause of Action for Negligence**

Plaintiff's First Cause of Action for negligence against Compass Vision fails to allege the requisite elements of such a claim.  It is hornbook law that in order to state a claim for negligence, Plaintiff must demonstrate duty, breach of duty, legal causation and damages. *Friedman v. Merck & Co., Inc*. 107 Cal. App. 4th 454, 463 (2003).  Whether Compass Vision owes a legal duty to plaintiff is a question of law for this Court to decide. *Id.* at 464; *see also Artiglio v. Corning Inc.*, 18 Cal. 4th 604 (1998); *Bily v. Arthur Young & Co*. 3 Cal. 4th 370, 397 (1992)  ("The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court.")

In an analogous scenario to the one presented by Plaintiff's Complaint, California courts have examined whether a physician hired by a third party to examine a plaintiff and report on the results of the examination owes a duty to the plaintiff.  In such situations, the courts have refused to hold the physician liable for negligence on conducting the examination and making the report. *Keene v. Wiggins*, 69 Cal. App. 3d 308, 313-14 (1977); *see also Felton v. Schaeffer*, 229 Cal. App. 3d 229, 234-35 (1990) (defendant physician who conducted pre-employment examination

-3-

of plaintiff under contract with employer did not owe a duty of due care to plaintiff in evaluating his condition).

Plaintiff's Complaint establishes no relationship with Compass Vision, not even a remote one, such that a duty of care on the part of Compass Vision can be found as a matter of law. The tenuousness of Compass Vision's involvement is best described by Plaintiff's own description of the various parties' relationships (i.e., that it was the California State Board of Nursing, through its independent administrator, Maximus, that became a signatory to a service contract with Compass Vision as its TPA for the alcohol testing program for California nurses, which in turn engaged NMS as its testing lab facilities for the EtG testing). (Complaint at ¶¶ 6 and 15.) Plaintiff's Complaint is silent as to the existence of any relationship with Compass Vision which is not surprising, since there is none. By her own averment, it was the State of California which made the decision to institute EtG testing for nurses in recovery. (*Id.* at ¶ 15.) Further by her own allegation, it is the California State Board of Nursing, through Maximus, who is responsible for overseeing the California Nurses Recovery Program. (*Ibid.*) Plaintiff also avers that Defendant NMS - not Compass Vision - performed the EtG testing (*Id.* at ¶ 6) and that it was NMS that provided the Board with the results of the testing (*Id.* at ¶ 7).

Since Plaintiff's Complaint fails to allege any facts establishing that Compass Vision owed her a duty of care, Plaintiff's claim for negligence against Compass Vision fails as a matter of law and should properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.  Plaintiff's Complaint Fails to State a Cause of Action for Fraudulent Misrepresentation**

The elements of a fraud claim in California are: (1) an affirmative misrepresentation or concealment, (2) of a material fact, (3) made with the knowledge of its falsity or effect of concealment, (4) intended to induce the plaintiff to alter his or her position, (5) for which the plaintiff actually and reasonably relied and (6) caused plaintiff damage. Cal. Civ. Code § 1710; *Roddenberry v. Roddenberry,* 44 Cal. App. 4th 634, 655 (1996); *Cicone v. URS Corp.,* 183 Cal. App. 3d 194, 227 (1986). The absence of any one of the essential elements of a fraud claim bars recovery. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1333 (1986).

-4-

When it comes to pleading fraud claims, the Federal Rules of Civil Procedure impose stringent requirements in order to avoid frivolous lawsuits and harm to defendants' reputations. Pursuant to Federal Rule of Civil Procedure 9(b), in claims of fraud the circumstances constituting the fraud must be stated with particularity. *See also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (requiring that fraud be pled "with a high degree of meticulousness"). Fraud allegations failing to meet Federal Rule of Civil Procedure 9(b) standards are disregarded, and the remaining allegations are then evaluated to determine if a valid claim has been sated. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). The allegations must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Vague or conclusory allegations are insufficient to satisfy the "particularity" requirement imposed by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987). Plaintiff's failure to meet the specific pleading requirements of Rule 9(b) is grounds for dismissal for failure to state a claim upon which relief can be granted. *Vess*, 317 F.3d at pp. 1107-08.

California state courts are equally strict with respect to pleading fraud claims. In California, "[E]very element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991); *see also Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* 57 Cal. App. 3d 104, 109 (1976); C*ommittee on Children's Television, Inc. v. General Foods Corp*., 35 Cal.3d 197, 216-17 (1983); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990). "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann*, 2 Cal. App. 4th at p. 157; *see also In re GlenFed, Inc. Secur. Litig*., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Generally, the defendant must also identify the actual source of the fraud (i.e., whether the fraudulent statement was oral or written and, if written, the particular documents involved.) *Cal. Practice Guide: Federal Civil*

-5-

*Procedure Before Trial*, ch. 9, § 8:45, *citing Arroyo v. Wheat*, 591 F.Supp. 136, 139 (D. NV 1984). In addition, California law requires a plaintiff to receive information directly from the would-be defendants. "The person or class of persons entitled to rely upon the representations is restricted to those to whom or form whom the misrepresentations were made. *Friedman v. Merck & Co., Inc.*, 107 Cal. App. 4th 454, 463 (2003).

  Here, Plaintiff's claim for fraudulent misrepresentation against Compass Vision is subject to dismissal in light of the fact that Plaintiff's claim is stated only in the most vague, conclusory terms and fails to set forth several key elements. The gravaman of Plaintiff's fraud claim appears to be that Compass Vision was a leading proponent of EtG testing "publishing and promoting" EtG as the "gold standard" for the marker of choice for alcohol. (Complaint at ¶ 14.) Plaintiff's general allegation that Compass Vision "published" and "promoted" EtG testing is insufficient, however, to establish any wrongdoing. Specifically, Plaintiff fails to allege the particular documents in which any purported misrepresentations were made, fails to state the dates upon which such alleged representations were made, and fails to state by whom the alleged misrepresentations were made. Moreover, Plaintiff nowhere alleges that Compass Vision made any misrepresentations *to her* or that she actually received any information of any kind from Compass Vision. Nor does she allege when she purportedly received such information or that she relied on it in any manner in agreeing to submit to EtG testing.

  Significantly, Plaintiff expressly alleges in her Complaint, "[I]t is believed and therefore averred that based on such unequivocally conclusive statements and claims by defendants, California instituted EtG testing. . . ." (Complaint at ¶ 15.) It is clear from this allegation that if, in fact, any misrepresentations were made by Compass Vision in connection with EtG testing, which is denied, it was the State of California who relied upon the same in deciding to institute the testing. As such, Plaintiff's claim fails. To sustain a claim of fraud in California, a plaintiff must demonstrate that his/her damages were proximately caused by justifiable reliance on a defendant's specific misrepresentation. *Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 364-366 (2004). "Fraudulent representations which work no damage cannot give rise to an action at law." *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989), *citing Abbott v. Stevens*, 133

Cal. App. 2d 242, 247 (1955).) For a viable fraud action, there must be a cause and effect relationship between the fraud and the damages sought, "otherwise no cause of action is stated." *Nagy*, 210 Cal. App. 3d at p. 1269, citing *Zumbrum v. Univ. of So. Cal.* 25 Cal. App. 3d 1, 12 (1972).

Plaintiff's Complaint nowhere alleges that alleged misrepresentations by Compass Vision proximately caused her damage. Rather, her Complaint claims damages due to the possibility of her nursing license being revoked. (Complaint at ¶ 45.) Further, Plaintiff readily admits in her Complaint that she was terminated from the Nurses Recovery Program after she tested positive for opiates. (Complaint at ¶ 19.) Such admission—that she was terminated from the program for testing positive for drugs in tests neither administered by, conducted or reported by Compass Vision—dooms Plaintiff's fraud claims against Compass Vision. Assuming Plaintiff's license is ultimately revoked, her damages, if any, will flow from her own conduct and decisions by the Nursing Board, not by any wrongdoing by Compass Vision.

Not only has Plaintiff failed to plead the requisite element of causation between purported fraud by Compass Vision and her claimed damages, her Complaint is defective in that her claim for damages is not ripe and, as such, is speculative. As of the filing of the instant Complaint in May 2007 Plaintiff merely pleads that, "Wilson now faces three years of probation with attendant costs and the *possible* loss of her license to practice nursing." (Complaint at ¶ 21.) Given that she admits that her license had not yet been revoked, Plaintiff cannot, as a matter of law, demonstrate any damages resulting from potential future action by the Nursing Board. *See Bowen v. First Family Services, Inc.*, 233 F.3d 1331, 1339-40 (11th Cir. 2000) (standing doctrine requires plaintiff to show actual injury).

Plaintiff's failure to plead each of the requisite elements necessary to state a fraud claim against Compass Vision mandates dismissal of the same. *Wilhelm,* 186 Cal. App. 3d at p. 1331.

**D.     Plaintiff's Complaint Fails to State a Cause of Action for Negligent Misrepresentation**

Negligent misrepresentation, a species of the tort of deceit, occurs where a defendant makes false statements, honestly believing that they are true, but without reasonable ground for

-7-

such belief. 5 Witkin, *Summary of Cal. Law*, Torts, § 720 at 819 (9th ed. 1988); Civ. Code § 1572, subd. 2; Civ. Code § 1710, subd. 2. To sustain a cause of action for negligent misrepresentation, a plaintiff must plead and prove the following elements: (1) the defendant made a representation as to a past or exiting material fact; (2) the representation was untrue, (3) regardless of his actual belief the defendant made the representation without any reasonable ground for believing it to be true; (4) the representation was made with the intent to induce plaintiff to rely upon it, (5) the plaintiff was unaware of the falsity of the representation; he acted in reliance upon the truth of the representation and he justifiably relied upon the representation; and (6) as a result of his reliance upon the truth of the representation, the plaintiff sustained damage. *Friedman,* 107 Cal. App. 4th at 476. With respect to who may rely on a representation, the California Supreme Court has held that the person or class of persons entitled to rely upon the representations is restricted to those to whom or for whom the misrepresentations were made. (*Id*.) "Even though the defendant should have anticipated that the misinformation might reach others, he is not liable to them." *Id.* at p. 476, *citing* Restatement (Second) of Torts § 552, cmts. (g) and (h); *Christiansen v. Roddy*, 186 Cal. App. 3d 780, 785-87 (1986).

As the court in *Friedman* explained, California courts have only recognized a cause of action for negligent misrepresentation, i.e., a duty to communicate accurate information, in two circumstances. The first situation arises where providing false information poses a risk of and results in physical harm to person or property. The second situation arises where information is conveyed in a commercial setting for a business purpose. *Friedman*, 107 Cal. App. 4th at p. 477. Actual physical harm must result. *Id.*, *citing Randi W. v. Muroc Joint Unified School Dist.,* 14 Cal. 4th 1066, 1075 (1997); *Garcia v. Superior Court*, 50 Cal.3d 728, 734-37 (1990); *Gawara v. United States Brass Corp*., 63 Cal. App. 4th 1341, 1354 (1988).

As is apparent from the face of her Complaint, Plaintiff wholly fails to plead the requisite elements of a claim for negligent misrepresentation against Compass Vision. Nowhere does Plaintiff allege any facts establishing that Compass Vision owed her a duty to communicate accurate information. Nor has Plaintiff pled the requisite elements of risk of physical harm to person/property or actual harm. Further, Plaintiff fails to plead that she ever received any

-8-

representation of a past or existing fact from Compass Vision. Moreover, as with her claim for fraudulent misrepresentation, Plaintiff's Complaint wholly fails to plead a claim for negligent misrepresentation with the requisite particularity, failing to set out when, by whom, or in what manner the alleged misrepresentations were made. Plaintiff's claim, therefore, fails as a matter of law and is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

**E.   Plaintiff Has Failed to Exhaust Her Administrative Remedies With the California State Board of Nursing**

Plaintiff's Complaint fails to allege that she exhausted her administrative remedies in connection with her termination from the Nurses Recovery Program and subsequent probation. California Health and Safety Code sections 1337.9, subdivisions (g)(2) and (h)(1) provide that an individual who has had his or her license suspended has the right to appeal and to request an administrative hearing with the Nursing Board. A party must go through the entire proceeding, with the individual's respective boards, to a "*final* decision on the merits of the entire controversy" before resorting to the courts for relief." *Eight Unnamed Physicians v. Med Exec. Comm. Of the Med Staff of Wash. Township Hosp.*, 150 Cal. App. 4th 503, 510-11 (2007).

Preliminarily, Plaintiff does not allege that her nursing license has been revoked by the Nursing Board. Rather, she expressly avers that, as of the time of the filing of her Complaint, she is facing the "possible" loss of her license. (Complaint at ¶ 21.) Moreover, even if her license had already been revoked, Plaintiff admittedly did not follow the process put in place by the Legislature by filing an appeal and requesting a hearing. As such, Plaintiff clearly failed to exhaust the administrative remedies available to her through the Nursing Board, mandating that the claims alleged in the instant Complaint be dismissed since no final decision on her license has yet been reached.

**F.   Plaintiff's Complaint Fails to State Facts Sufficient to Recover Damages for Emotional Distress**

Plaintiff asserts a claim for emotional distress in connection with all three causes of action set forth in her Complaint. (Complaint at ¶¶ 35, 45 and 54.) Plaintiff, however, is barred as a matter of law from recovering emotional distress damages in that she has failed to plead that

-9-

1  she suffered any physical injury.  (*Friedman,* 107 Cal. App. 4th at p. 485.)  Rather, the gravaman

2  of Plaintiff's claims is that she may possibly lose her nursing license, which is a claim for

3  economic loss.  In *Mercado v. Leong*, 43 Cal. App. 4th 317, 324 (1996), the court held that

4  emotional distress damages are unlikely when the interests affected are merely economic.

5  Plaintiff's claim for such damages, therefore, is improper and should be dismissed.

6  **G.    Plaintiff's Complaint Fails to State Facts Sufficient to Recover Punitive Damages**

7         Similarly, Plaintiff's claim for punitive damages is subject to dismissal.  More than a

8  mere commission of a tort is required for punitive damages.  "There must be circumstances of

9  aggravation or outrage, such as spite or malice or a fraudulent or evil motive on the part of the

10 defendant, *or such a conscious and deliberate disregard of the interests of others that his*

11 *conduct may be called willful or wanton. . . .*"  *Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal.

12 App. 4th 306, 328 (1992).  Moreover, "[A]n award of exemplary damages cannot be based on

13 mere speculation; it depends instead on a definite showing of a willingness to vex, harass, to

14 injure.  The wrongful personal intention to injure is the factor that calls forth the penalty of

15 punitive damages."  *Roth v. Shell Oil Co.*, 185 Cal. App. 2d 676, 682 (1960).

16         Plaintiff's Complaint fails to plead any such evil intent or motive on the part of Compass

17 Vision. Rather, her Complaint merely alleges that Compass Vision served as a TPA of the EtG

18 testing program to which she was required by the State of California and the Nursing Board to

19 submit.  Her claim for punitive damages, therefore, cannot be maintained as a matter of law and

20 should properly be dismissed.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# V. CONCLUSION

Based on the foregoing, Defendant Compass Vision respectfully requests that the Court grant the instant motion and dismiss Plaintiff's Complaint in its entirety or, in the alternative, dismiss each of the causes of action alleged in her Complaint.

Dated: July 16, 2007						GORDON & REES LLP

								        /s/ Catherine A. Salah
							By: _____
								DION N. COMINOS
								CATHERINE A. SALAH
								Attorneys for Defendant
								COMPASS VISION, INC.