1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

DREW JOHNSON, STATE BAR NO.: 40880
LAW OFFICES OF SAMUEL G. GRADER
2180 Harvard Street, Suite 400
Sacramento, CA 95815
Telephone: (916)567-6404
Direct Line: (916)567-6426
FAX: 866-903-4464

Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS

## UNITED STATES DISTRICT COURT,
### NORTHERN DISTRICT OF CALIFORNIA

DEBORAH WILSON,

    Plaintiff,

    vs.

COMPASS VISION, INC., et al.,

    Defendants.

_____/

Case No. 3:07-cv-03431 BZ

**NOTICE OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LABS' MOTION TO DISMISS COMPLAINT OF DEBORAH WILSON**

**Complaint Filed: May 22, 2007**

| | |
|---|---|
| **Date:** | **September 19, 2007** |
| **Time:** | **10:00 a.m.** |
| **Judge:** | **Bernard Zimmerman** |
| **Trial Date:** | |

## TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON September 5, 2007 at 10:00 a.m. or soon thereafter as the matter may be heard in Courtroom G, 15th Floor of this Court located at 450 Golden Gate Avenue, San Francisco, California, Defendant NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS ("NMS Labs") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure, rule 12(b)(6) for an Order dismissing Plaintiff's Complaint with prejudice.

This Motion will be based upon this Notice and the Memorandum of Points and Authorities, all served and filed herewith, and the pleadings, papers and records filed in this matter, and upon such other oral and documentary evidence as may be presented at the hearing of this Motion.

PLEASE TAKE FURTHER NOTICE that at the time and place aforesaid, Defendant will request that the proposed form of Order submitted herewith be entered by the Court.

Dated: August 7, 2007

LAW OFFICES OF SAMUEL G. GRADER


//Drew   Johnson
Drew Johnson
Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC.
d/b/a NMS LABS

DREW JOHNSON, STATE BAR NO.: 40880
LAW OFFICES OF SAMUEL G. GRADER
2180 Harvard Street, Suite 400
Sacramento, CA 95815
Telephone: (916)567-6404
Direct Line: (916)567-6426
FAX: 866-903-4464

Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON,<br><br>     Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC., et al.,<br>     Defendants.<br>_____ / | Case No. 3:07-cv-03431 BZ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed.R.Civ.P. 12(b)(6)]<br><br>**Complaint Filed: May 22, 2007**<br><br>**Date: September 19, 2007**<br>**Time: 10:00 a.m.**<br>**Judge: Bernard Zimmerman**<br>**Trial Date: NA** |

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................................. 2

III.  ARGUMENT ......................................................................................................... 3

    A.  Applicable Legal Standard .......................................................................... 3

    B.  Plaintiff Fails to State a Claim for Negligence ........................................... 4

    C.  Plaintiff Fails to State a Claim for Fraudulent Misrepresentation ............. 5

        1.  **Plaintiff Fails to Allege that she Actually Received and/or Relied on Misleading Statements** .................................................... 5
        2.  **Plaintiff Fails to Allege Proximate Causation of Damages Due to Her Reliance upon Alleged Statements** ...................................... 6

    D.  Plaintiff Fails to State a Claim for Negligent Misrepresentation ............... 7

        1.  **Plaintiff Cannot Establish a Duty Owed by NMS LABS to Support a Negligent Misrepresentation Claim** ................................ 8
        2.  **Plaintiff Fails to Plead that she Received or Considered any Representation of Past or Existing Fact from NMS LABS** .............. 8
        3.  **Plaintiff Fails to Allege Justifiable Reliance or Damages Resulting From Such Reliance** ......................................................... 8

        4.  Negligent Misrepresentation Claims are Limited to Business Transactions and Situations where there is Risk of Physical Harm ................................................................................................. 9

    E.  Plaintiff has Failed to Exhaust her Administrative Remedies with the California State Board of Nursing ............................................................... 9

    F.  Plaintiff Fails to State Facts Sufficient to Recover Damages for Emotional Distress ................................................................................... 10

    G.  Plaintiff Fails to State Facts Sufficient to Recover Punitive Damages ... 10

IV.  CONCLUSION .................................................................................................. 11

CASE NO.: 3:07-cv-03431 BZ

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL
MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
-i-

# TABLE OF AUTHORITIES

**Federal Cases**

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)........................................................3

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)....................................................4

*Walker Distributing Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1 (9th Circ. 1963)...............................4

*Yamaguchi v. Dept. of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) ...........................................4

**State Cases**

*Artiglio v. Corning, Inc.*, 18 Cal. 4th 604 (1998)......................................................................................4

*Eight Unnamed Phyicians v. Med. Exec. Comm. Of the Med. Staff of Wash. Township Hosp.*, 150
Cal.App. 4th 503, 510-511 (2007) ....................................................................................................9

*Felton v. Schaeffer*, 229 Cal.App. 3d 229, 234-235 (1990).................................................................4, 8

*Friedman v. Merck & Co., Inc., et al.*, 107 Cal.App. 4th 454, 463 (2003)............................4, 6, 7, 9, 10

*Goehring v. Chapman University*, 121 Cal.App. 4th 353, 364-366 (2004)...............................................6

*Keene v. Wiggins*, 69 Cal.App 3d 308, 313-314 (1977)............................................................................ 4

*Lazar v. The Super. Ct. of Los Angeles County*, 12 Cal. 4th 631, 638 (1996)..........................................5

*Mero v. Sadoff*, 31 Cal.App. 4th 1466, 1471 (1995).............................................................................4,5

*Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 328 (1992)...............................................11

*Roth v. Shell Oil Co.*, 185 Cal.App. 2d 676, 682 (1960) ........................................................................11

**Federal Statutes**

28 U.S.C. § 144(a) ......................................................................................................................................2

**State Statutes**

California Health & Safety Code section 1337.9, subdivision (h) .............................................................3

**Rules**

Federal Rules of Civil Procedure, rule 12(b)(6) .......................................................................................3

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL
SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
-i-

# I.

# __INTRODUCTION__

Plaintiff alleges that based on her past history of drug abuse, she was required by California State Board of Nursing ("the Nursing Board") to abstain from consuming alcoholic beverages an submit to random drug and alcohol screening, including ethyglucuronide ("EtG") testing – a test designed to detect the presence of a metabolite of alcohol in urine. Though it appears she tested positive for EtG on two occasions, she claims not to have consumed alcohol on either. Thus, she contends NMS Labs is responsible for the Nursing Board erroneously concluding that she had consumed alcoholic beverages and acting on that conclusion to plaintiff's detriment.

NMS Labs allegedly performed plaintiff's EtG testing. Compass Vision, Inc., serves as third party administrator of plaintiff's EtG testing for the Nursing Board.

The Complaint is startlingly vague and non-specific about what, if anything, NMS Labs did to cause plaintiff the harm that she claims to have suffered. In fact, the sum total of the allegations in the Complaint against NMS Labs is that it: (i) has lab testing facilities or offices throughout the United States; (ii) performed or administered alcohol and drug screening programs throughout California; (iii) performed EtG testing, or administered such testing, upon nurses, including plaintiff; and (iv) provided to the Nursing Board the results of alcohol testing of nurses. Thus, plaintiff's allegations fall far short of meeting even the loosest

pleading standards upon which claims for negligence, fraudulent misrepresentation and negligent misrepresentation can be based.

Plaintiff also fails to plead facts sufficient to entitle her to punitive damages. California courts require specific facts before imposing punitive damages. Allegations of reckless behavior are not sufficient. Plaintiff's Complaint fails to conform to this strict standard and plaintiff's claim for punitive damages should be dismissed.

In sum, the entire Complaint should be dismissed with prejudice because plaintiff has failed to state a claim upon which relief can be granted. (Fed. R. Civ. P. 12(b)(6).)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2007, Plaintiff commenced this action by filing a Writ of Summons and a Complaint in the Superior Court of the State of California, Alameda County.[1]  Compass Vision, Inc., filed a Notice of Removal to this court on June 29, 2007, under 28 U.S.C. § 144(a). Plaintiff alleges NMS Labs is liable for negligence, fraudulent misrepresentation and negligent misrepresentation concerning the accuracy and reliability of the EtG test administered to her.

Plaintiff, a registered nurse in the State of California, admitted in 2003 to a prescription pain killer dependency. Because of this admission she was required to enter into a Recovery

---

[1] Factual statements are derived from allegations contained in plaintiff's Complaint.

CASE NO.: 3:07-cv-03431 BZ

Contract in which she would have to submit to random drug and alcohol testing, including the EtG test, for three years.

After submitting to a random drug and alcohol test, plaintiff was notified on May 16, 2005 that she yielded a positive result for EtG.  In June 2005 she once again submitted to a random drug and alcohol test and again yielded a positive result for EtG.  Later, plaintiff refused to continue in the Recovery Contract program and refused to appeal any prospective decision that the Nursing Board would make through the procedures allowed by California Health & Safety Code section 1337.9, subdivision (h).  She is now awaiting the revocation of her license.

## III.

## ARGUMENT

### A.    Applicable Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a mechanism for disposing of legally insufficient claims.  (*Walker Distributing Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1 (9th Circ. 1963), *cert denied*, 385 U.S. 976 (1964).)  In resolving a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).)  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would

entitle her to relief." (*Yamaguchi v. Dept. of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

Leave to amend must be denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. (*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).)

## B.    **Plaintiff Fails to State a Claim for Negligence**

In any case sounding in negligence, a plaintiff must demonstrate:  1) duty; 2) breach of duty; 3) legal cause; and 4) damages. (*Friedman v. Merck & Co., Inc., et al.*, 107 Cal.App. 4th 454, 463 (2003).)  Whether NMS Labs owes a legal duty to plaintiff is a question of law for this court to decide. (*Artiglio v. Corning, Inc.*, 18 Cal. 4th 604 (1998).)

Although California courts have not directly addressed the duty of a testing laboratory to an employee, they have decided whether a physician hired by a third party to examine a plaintiff and report on the results of the examination owes a duty to the plaintiff.  In such situations, courts have refused to hold the physician liable for negligence in conducting the examination and making the report.  (*Mero v. Sadoff*, 31 Cal.App. 4th 1466, 1471 (1995) (citing *Keene v. Wiggins*, 69 Cal.App. 3d 308, 313-314 (1977))[2];  (see also *Felton v. Schaeffer*, 229 Cal.App. 3d 229, 234-235 (1990) (defendant physician who conducted pre-employment examination of plaintiff under contract with employer did not owe a duty of due care to plaintiff in evaluating his condition).)

---

[2] The only exception to this general rule is if the physician physically injures the plaintiff during the examination, a fatal

CASE NO.: 3:07-cv-03431 BZ

The relationship between plaintiff NMS Labs is even more remote than the physician – employee relationships where the courts found no duty. NMS Labs had no contact with plaintiff. NMS Labs received the sample from another entity, just as it receives other samples like it from various parts of the country. After testing samples, NMS Labs issues reports to the entities that sent the samples, not to the state agency who initially required that testing be performed. Therefore, because plaintiff cannot establish that NMS Labs owed her a duty under California law, her claim must fail as a matter of law.

C.   **Plaintiff Fails to State a Claim for Fraudulent Misrepresentation**

To allege and prove a legally sufficient claim for fraud, one must prove a) misrepresentation (false representation, concealment, or nondisclosure); b) knowledge of falsity (or 'scienter'); c) intent to defraud, i.e., to induce reliance; d) justifiable reliance; and e) resulting damage. (*Lazar v. The Super. Ct. of Los Angeles County*, 12 Cal. 4th 631, 638 (1996).) Fraud must be pled with particularity and by facts that "show how, when, where, to whom, and by what means the representations were tendered." (*Id.* At 645.)

1.   **Plaintiff Fails to Allege that she actually Received and/or Relied on Misleading Statements**

California law clearly requires a plaintiff to receive information directly from would-be defendants. "The person or class of persons entitled to rely upon the representations is restricted to those to whom or for whom the misrepresentations were made. Even though the

---

scenario not presented by plaintiff in this case. (See *Mero, supra*, 31 Cal.App. 4th at 1478.)
CASE NO.: 3:07-cv-03431 BZ

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
- 5 -

defendant should have anticipated that the misinformation might reach others, he is not liable to them." (*Friedman, supra*, 107 Cal.App. 4th at 476.)

Plaintiff does not allege that she actually received or relied on any statement made by NMS Labs. Rather, plaintiff concedes that she submitted to EtG testing because she was required to do so as part of her own agreement with the Nursing Board – not because of anything NMS Labs said or did. Additionally, Plaintiff's claim must fail as a matter of law because she fails to plead it with required particularity.

### 2. Plaintiff Fails to allege Proximate Causation of Damages Due to her Reliance upon Alleged Statements

To sustain a claim of common law fraud, a plaintiff must demonstrate that his/her damages were proximately caused by his/her justifiable reliance on a defendant's specific misrepresentation. (*Goehring v. Chapman University*, 121 Cal.App. 4th 353, 364-366 (2004) (plaintiffs fail to show under common law fraud that "detriment [was] proximately caused by the defendant's tortious conduct.").)

Plaintiff does not contend that NMS Labs' alleged misstatements proximately caused her claimed damages. Plaintiff herself did not rely on any misstatements. Rather she contends that the California State Board of Nursing was the recipient of the information. In other words, all of plaintiff's alleged damages flowed from the decision of the Nursing Board, which plaintiff has elected not to appeal. Thus, it is the actions of the Nursing Board, which has its own regulations, procedures and appeal processes that caused any alleged harm – not anything

that NMS Labs allegedly said or did.  Additionally, plaintiff's claim fails as a matter of law because she fails to plead it with the required particularity.

Accordingly, because plaintiff has failed to allege and prove the necessary elements for fraudulent misrepresentation her claim should be dismissed.

## D.    Plaintiff Fails to State a Claim for Negligent Misrepresentation

A plaintiff, to sustain a cause of action for negligent misrepresentation, must plead and prove the following elements:  1) the defendant made a representation as to a past or existing material fact; 2) the representation was untrue; 3) regardless of his actual belief the defendant made the representation without any reasonable ground for believing it to be true; 4) the representation was made with the intent to induce plaintiff to rely upon it; 5) the plaintiff was unaware of the falsity of the representation; he acted in reliance upon the truth of the representation and he justifiably relied upon the representation; and, 6) as a result of his reliance upon the truth of the representation, the plaintiff sustained damage. (*Friedman, supra,* 107 Cal.App. 4th at 476.)   As with any negligence action, a plaintiff in a negligent misrepresentation claim must establish that he/she was owed a duty to communicate accurate information. (*Id.* At 477.)  California, following the Restatement Second of Torts, recognizes a duty to communicate accurate information only where there is a risk of physical harm or the representation is made in a commercial setting for a business purpose. (*Id.*)

With respect to *who* may rely on a representation, the California Supreme Court has held, "[T]he person or class of persons entitled to rely upon the representations is restricted to

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL
SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
-7-

those to whom or for whom the misrepresentations were made. Even though the defendant should have anticipated that the misinformation might reach others, he is not liable to them." (*Id.* At 476.)

### 1. Plaintiff Cannot Establish a Duty Owed by NMS LABS to Support a Negligent Misrepresentation Claim

In addition to the elements discussed to state a cognizable cause of action for negligent misrepresentation plaintiff must show that NMS Labs owed her a legal duty to communicate accurate information. (*Id.* At 477.) As discussed above with respect to plaintiff's negligence claim, California courts do not recognize a duty to plaintiff in similar situations. (See *Felton, supra,* 229 Cal.App. 3d at 234-235 (defendant physician who conducted pre-employment examination of plaintiff under contract with employer did not owe a duty of due care to plaintiff in evaluating his condition).)

### 2. Plaintiff Fails to Plead that she Received or Considered any Representation of Past or Existing Fact From NMS LABS

Plaintiff fails to allege that NMS Labs communicated any statement to her regarding a past or existing fact. Although she alleges NMS Labs published certain statements, she does not allege that she ever received or considered any of the statements. Plaintiff's claim therefore fails as a matter of law.

### 3. Plaintiff Fails to Allege Justifiable Reliance or Damages Resulting from such Reliance

Plaintiff's negligent misrepresentation claim also fails because she does not and cannot allege that she relied on any misstatement made by NMS Labs or suffered damages as a result

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL
SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
- 8 -

of such alleged reliance.   These are both essential elements of a claim for negligence misrepresentation (*Friedman,* at 476.)

### 4.    Negligent Misrepresentation Claims are Limited to Business Transactions and Situations where there is a Risk of Physical Harm

In addition to the aforementioned elements, to sustain a claim for negligent misrepresentation, a plaintiff must plead and prove that one who provides information and who knows or should realize that the plaintiff's physical safety may depend on the accuracy of the matters conveyed, has a duty to use reasonable care in communicating, or a plaintiff must plead and prove that the information given is in a business or professional capacity for such a purpose. (*Friedman, supra,* 107 Cal.App. 4th at 478.)

Plaintiff has not alleged, and cannot show, that she was physically injured by the alleged misrepresentations by NMS LABS, or that she relied upon any statements from NMS Labs for guidance in any "business transaction."  Because plaintiff cannot satisfy all of the elements for negligent misrepresentation her claim fails as a matter of law and should be dismissed.

### E.    Plaintiff has Failed to Exhaust her Administrative Remedies with the California State Board of Nursing

Plaintiff has failed to plead that she has exhausted her administrative remedies in seeking to reinstate her license with the Nursing Board.  A party must go through *the entire proceeding*, with the individual's respective boards, to a "*final* decision on the merits of the entire controversy" before resorting to the courts for relief." (*Eight Unnamed Physicians v.*

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
-9-

*Med. Exec. Comm. Of the Med. Staff of Wash. Township Hosp.*, 150 Cal.App. 4th 503, 510-511 (2007) (emphasis in original).) Sections 1337.9, subdivision (g)(2) and 1337.9, subdivision (h)(1) of California's Health and Safety Code provide that an individual who has had his or her license suspended has the right to appeal and to request an administrative hearing with the Nursing Board.

### F.    Plaintiff Fails to State Facts Sufficient to Recover for Damages for Emotional Distress

Plaintiff asserts a claim for emotional distress within all three causes of action. (Complaint, §§35, 44 an 52.) A claim for emotional distress requires something Plaintiff has not alleged, because she cannot prove. Emotional distress damages are awardable only where a physical injury has been suffered. (*Friedman, supra*, 107 Cal.App. 4th at 485.) No such injury has been alleged here. Therefore, the Motion to Dismiss should be granted because it is legally deficient as to NMS Labs.

### G.    Plaintiff Fails to State Facts Sufficient to Recover Punitive Damages

Plaintiff improperly seeks punitive damages against NMS Labs by interspersed legal conclusions of malice and fraud, among other inflammatory language. The problem is that she has failed to plead *facts* sufficient to entitle her to an award of punitive damages against NMS Labs.

More than the mere commission of a tort is always required for punitive damages, "there must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, *or such a conscious and deliberate disregard of the*

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
- 10 -

*interests of others that his conduct may be called willful or wanton . . . "(Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 328 (1992) (emphasis in original).

"An award of exemplary damages cannot be based on mere speculation; it depends instead on a definite showing of a willingness to vex, harass, to injure. The wrongful personal intention to injure I the factor that calls forth the penalty of punitive damages." (*Roth v. Shell Oil Co.*, 185 Cal.App. 2d 676, 682 (1960).

The Complaint in the present case simply does not allege sufficient facts to justify plaintiff's entitlement to an award of punitive damages against NMS Labs. The claim here is simply that plaintiff's samples were tested, and reported according to the cutoff levels. There is nothing outrageous here, no evil motive, no intent to do harm to plaintiff. Plaintiff's own assertion of the facts defeats her claim.

## IV.

## CONCLUSION

For the reasons set forth above, NMS Labs respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

Dated: August 7, 2007

LAW OFFICES OF SAMUEL G. GRADER

 //Drew  Johnson
DREW JOHNSON
Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC.
d/b/a NMS LABS

CASE NO.: 3:07-cv-03431 BZ

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS' MOTION TO DISIMSS PLAINTIFF'S COMPLAINT
- 11 -

DREW JOHNSON, STATE BAR NO.: 40880
LAW OFFICES OF SAMUEL G. GRADER
2180 Harvard Street, Suite 400
Sacramento, CA 95815
Telephone: (916)567-6404
Direct Line: (916)567-6426
FAX: 866-903-4464

Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC. d/b/a NMS LABS

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON, | Case No. 3:07-cv-03431 BZ |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| COMPASS VISION, INC., et al., | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

Matter:  Wilson v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-03431 BZ

     I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause.  I am an employee of the Law Offices of Samuel G. Grader and my business address is 2180 Harvard Street, Suite 400, Sacramento, California 95815.  On this date, I served the following documents:

     **Notice of Defendant National Medical Services, Inc. d/b/a NMS Labs Motion to Dismiss Complaint of Deborah Wilson**

  X   to DEBORAH WILSON by placing a copy thereof enclosed in a sealed envelope on **August 7, 2007,** with postage thereon fully prepaid.  I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business.  Said correspondence was addressed as set forth below.

 XX  by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

 _____  by causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| | |
|---|---|
| **Plaintiff ProPer** | **Attorney for Defendant Compass Vision, Inc.** |
| Deborah Wilson | Catherine A. Salah |
| 361 Garden Common | Gordon & Rees LLP |
| Livermore, CA 94551 | 275 Batter Street, Suite 2000 |
| Tx: 925-245-9338 | San Francisco, CA 94111 |
| | Tx: 415-986-5900  Fx: 415-986-8054 |
| | Email: csalah@gordonrees.com |

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on August 9, 2007, at Sacramento, California.


   //Deborah J. Weidle_____
   Deborah J. Weidle

-1-