UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON,<br><br>    Plaintiff(s),<br><br>  v.<br><br>COMPASS VISION INC., et al.,<br><br>    Defendant(s). | No. C07-3431 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE** |

Defendants Compass Vision, Inc. ("Compass Vision") and National Medical Services, Inc. ("NMS Labs") have moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] For the following reasons, defendants' motions are **GRANTED IN PART AND DENIED IN PART**.

The complaint alleges that in 2003, plaintiff, a Registered Nurse, suffering from a prescription painkiller

---

[1] All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

dependency, entered into the California Board of Registered Nursing's ("the Board") diversion program.[2] Plaintiff agreed to remain drug and alcohol free for three years, and to submit to random drug and alcohol tests for that period.

In May and June of 2005, defendants reported to the Board that plaintiff's EtG tests were positive even though plaintiff had not consumed any alcohol. Plaintiff was suspended from her job after each report. She was later terminated from the diversion program for eating poppy seeds and testing positive for opiates. Plaintiff would not have been terminated from the program if she did not have the two positive EtG tests on her record.

Defendants set an arbitrary cut off limit for the EtG tests that resulted in scientifically unreliable false positive tests. Ordinary products, including hand sanitizers that are commonplace in plaintiff's profession, can result in false positive EtG results. Defendants rushed an unfit test onto the marketplace and breached their "duty to use a reasonable degree of care to avoid erroneous test results" by "promoting, advertising, marketing, selling, and/or contracting with the licensing board, and/or designing, implementing, and managing the . . . alcohol testing program, . . . and/or utilizing the EtG test to allegedly establish that the plaintiff consumed an alcoholic beverage" and its duty to avoid "erroneous test results." She now faces three

---

[2] For the purpose of this motion, I accept all of plaintiff's factual allegations as true and view all reasonable inferences in her favor. Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)

2

1  more years of probation with the Board (with associated costs)
2  and the potential loss of her nursing license.
3      Plaintiff initially filed suit in the Superior Court of
4  the State of California, Alameda County.  Defendants removed
5  the matter on diversity grounds.[3]  After defendants moved to
6  dismiss, plaintiff withdrew her claims for fraudulent
7  misrepresentation and negligent misrepresentation, and
8  proceeds solely on her claim for negligence.[4]
9      Defendants contend that they did not owe a duty of care
10 to plaintiff because they performed the EtG tests at the
11 Board's request.  In support of her opposition and pursuant to
12 Civil Local Rule 7-3(d), plaintiff submitted the recent
13 decision in Quisenberry v. Compass Vision, et al. from the
14 Southern District of California.  (Case No. 07CV1135, November
15 14, 2007.)  The issues in Quisenberry are very similar.  That
16 plaintiff is also a nurse bringing a negligence claim
17 involving the EtG test and Compass Vision is also a defendant.
18 The court in Quisenberry provided a thoughtful opinion
19 addressing the majority of the issues before me when it
20 denied, in part, those defendants' motion to dismiss.  I agree
21 with the Quisenberry analysis of this issue of first
22 impression and adopt its reasoning to the extent it addresses
23 defendants' arguments here.  I also agree that under

---

[3]  Therefore, California law applies.  Standard Fire Ins. Co. v. Peoples Church of Fresno, 985 F.2d 446, 448 (9th Cir. 1993).

[4]  Accordingly, defendants' motions to dismiss plaintiff's claims for fraudulent and negligent misrepresentation are **GRANTED.**

3

1   California's balancing test set forth in <u>Rowland v. Christian</u>,
2   69 Cal.2d 108, 112 - 13 (Cal. 1968), defendants owed plaintiff
3   a duty of care.[5]   <u>Quisenberry</u>, pp. 7 - 8.
4     Compass Vision contends that plaintiff cannot establish
5   causation because she admits that she was terminated from the
6   diversion program after eating poppy seeds and testing
7   positive for opiates, not because of the positive EtG tests.
8   However, in the next paragraph, plaintiff alleges that she
9   would not have been terminated absent the two false positive
10  EtG results on her record.  Thus, viewing the allegations in a
11  light most favorable to her, plaintiff has adequately pled
12  causation.  <u>Everest</u>, supra, 23 F.3d at 228.
13    Compass Vision further contends that plaintiff's claims
14  for damages are speculative because she failed to request an
15  administrative hearing regarding the suspension of her
16  license, and now faces the *possibility* of losing her license
17  in the future.  However, plaintiff has pled that she lost
18  income when was suspended from her job because of the false
19  positive results.  Therefor, at this stage of the litigation,
20  the claims for relief is appropriate.  <u>Quisenberry</u>, p. 3, fn.
21  1.
22    For the reasons articulated in <u>Quisenberry</u>, defendants

---

[5]   Defendants' argument that promoting and conducting a flawed test is distinguishable from cases where laboratories mishandled test specimens or the reporting of test results, thereby negating their duty to plaintiff, is unpersuasive.  <u>See Sharpe v. St. Luke's Hosp.</u>, 573 Pa. 90 (Pa. 2003), <u>Stinson v. Physicians Immediate Car, Ltd.</u>, 269 Ill.App.3d 659 (1995), and <u>Duncan v. Afton Inc.</u>, 991 P.2d 739 (Wyo. 1999).  Plaintiff alleges that defendant negligently set the EtG cut off level so low that plaintiff tested false positive twice.

4

motions to dismiss plaintiff's punitive damages prayer for relief are **DENIED** and their motions to dismiss the claim for emotional distress damages are **GRANTED** with leave to amend. During argument plaintiff articulated allegations which might support an award of emotional distress damages.  If plaintiff wishes to amend, she shall file her amended complaint by no later than **January 7, 2008.**  In either event, defendants shall file their responses by no later than **January 17, 2008.**

  **IT FURTHER ORDERED** that a case management conference in this matter is set for **Monday, January 28, 2008 at 4:00 p.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  Case management statements are due seven (7) days prior to the case management conference.

Dated: December 27, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WILSON\ORDER DENYING IN PART MOTION TO DISMISS draft after hearing.wpd