DION N. COMINOS (SBN: 136522)
*dcominos@gordonrees.com*
CATHERINE A. SALAH (SBN: 154524)
*csalah@gordonrees.com*
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON | CASE NO. C 07-03431 BZ |
| Plaintiff, | **DEFENDANT COMPASS VISION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| vs. | |
| COMPASS VISION, INC.; and NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS | **JURY TRIAL DEMANDED** |
| Defendants. | Complaint Filed: May 22, 2007<br>Trial Date: Not Set |

COMES NOW DEFENDANT COMPASS VISION, INC. ("COMPASS VISION") and answers Plaintiff's Amended Complaint as follows:

**FIRST CAUSE OF ACTION – NEGLIGENCE**

1. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 1 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

2. COMPASS VISION admits that it is a corporation with its principal place of business in Oregon and that it has transacted business in California. COMPASS VISION denies the remaining allegations of paragraph 2 with respect to the allegation that it transacted any "business" that gave rise to any cause of action at issue in Plaintiff's Complaint.

1    3.   COMPASS VISION admits that it is a Third Party Administrator involved with the design, implementation and management of drug and alcohol testing programs.  COMPASS VISION denies the remaining allegations in paragraph 3 of the Complaint.

4    4.   COMPASS VISION admits that it contracted with the California State Board of Nursing through Maximus to be a TPA administering alcohol testing program for nurses in California.  COMPASS VISION lacks information or belief sufficient to either admit or deny the remaining allegations of paragraph 4 and, on that basis, denies them.

8    5.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 5 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

11   6.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 6 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

14   7.   COMPASS VISION admits that Plaintiff seeks the relief set forth in paragraph 7 and the Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a).  Except as specifically admitted, COMPASS VISION denies each and every remaining allegation of paragraph 7 and specifically denies that Plaintiff is entitled to the relief she seeks.

18   8.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 8 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

21   9.   COMPASS VISION admits that it is a Third Party Administrator.  COMPASS VISION denies that it provided TPA services to the California State Board of Nursing.  As to the remaining allegations of Paragraph 9 there is a lack of information or belief sufficient to answer the allegations.

25   10.  COMPASS VISION denies the allegations that refer specifically to COMPASS VISION.  COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 10 of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  11.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 11 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

12.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 12 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

13.   COMPASS VISION admits that "EtG" stands for ethyl glucuronide and that EtG is a metabolite of alcohol. COMPASS VISION lacks information or belief sufficient to either admit or deny the remaining allegations of paragraph 13 of the Complaint and, basing its denial on this ground, denies them.

14.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 14 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

15.   COMPASS VISION denies the allegations of paragraph 15 of the Complaint.

16.   COMPASS VISION denies the allegations of paragraph 16 of the Complaint as the allegations pertain to COMPASS VISION. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 16 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

17.   COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 17 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

18.   COMPASS VISION denies the allegations of paragraph 18 of the Complaint.

19.   COMPASS VISION admits that it is a signatory to a contract with Maximus. COMPASS VISION lacks information or belief sufficient to answer the remaining allegations in paragraph 19 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

20.   COMPASS VISION denies the allegations of paragraph 20 of the Complaint.

21.   COMPASS VISION denies the allegations in paragraph 21 of the Complaint.

COMPASS VISION'S ANSWER TO FIRST AMENDED COMPLAINT   CASE NO. C 07-03431 BZ

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

22. COMPASS VISION admits the allegations in paragraph 22 of the Complaint.

23. COMPASS VISION admits that the quoted language is contained within the referenced article. COMPASS VISION denies as to the truth of the allegations contained therein.

24. COMPASS VISION admits that the quoted language is contained within the referenced article. COMPASS VISION denies as to the truth of the allegations contained therein.

25. COMPASS VISION admits that it believes that the tests are accurate and reliable measurements based on scientific research. COMPASS VISION lacks information or belief sufficient to either admit or deny the remaining allegations of paragraph 25 of the Complaint and, basing its denial on this ground, denies them.

26. COMPASS VISION admits the allegations in paragraph 26 of the Complaint.

27. COMPASS VISION denies the allegations of paragraph 27 of the Complaint.

28. COMPASS VISION denies the allegations of paragraph 28 of the Complaint.

29. COMPASS VISION denies the allegations of paragraph 29 of the Complaint.

30. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 30 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

31. COMPASS VISION denies the allegations of paragraph 31 of the Complaint.

32. COMPASS VISION denies the allegations of paragraph 32 of the Complaint.

33. COMPASS VISION denies the allegations of paragraph 33 of the Complaint.

34. Paragraph 34 does not require a response by COMPASS VISION.

35. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 35 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

36. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 36 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

37. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 37 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

38. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 38 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

39. COMPASS VISION denies that it reported or interpreted Plaintiff's EtG test as alleged therein. COMPASS VISION lacks information or belief sufficient to answer the remaining allegations in paragraph 39 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

40. COMPASS VISION denies that it collected Plaintiff's urine sample. COMPASS further denies that it interpreted or reported the results thereof. COMPASS VISION lacks information or belief sufficient to answer the remaining allegations in paragraph 40 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

41. COMPASS VISION denies the allegations of Paragraph 41.

42. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 42 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

43. COMPASS VISION denies the allegations of Paragraph 43.

44. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 44 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

45. COMPASS VISION denies the allegations of Paragraph 45.

46. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 46 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

47. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 47 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

48. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 48 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

49. COMPASS VISION lacks information or belief sufficient to answer the allegations in paragraph 49 of the Complaint and, basing its denial on this ground, denies each and every allegation thereof.

50. COMPASS VISION denies the allegations of Paragraph 50.

51. COMPASS VISION denies the allegations of Paragraph 51.

52. COMPASS VISION denies the allegations of Paragraph 52.

53. COMPASS VISION denies the allegations of Paragraph 53.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Amended Complaint and each claim alleged therein, this answering Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein, may fail to state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein may be barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein are barred by the doctrine of estoppel.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint and each and every one of the purported causes of action or claims for relief set forth therein are barred in whole or in part by application of the doctrine of waiver due, for example, to Plaintiff's knowledge, acts and omissions, namely that Plaintiff acquiesced, unduly delayed and generally failed to act on her own behalf to protect her alleged rights.

**FIFTH AFFIRMATIVE DEFENSE**

The complaint and each and every one of the purported causes of action or claims for relief set forth therein are barred in whole or in part by application of the doctrine of acquiescence, in that Plaintiff has acquiesced implicitly or explicitly to those purported acts of which she now complains.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages and thus is barred from recovering such damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff did not suffer any damages as a result of any actions or inaction allegedly taken by this answering Defendant or its agents, and Plaintiff is thus barred from asserting any cause of action against this answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that it owed no duty whatsoever to the Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

This answering Defendant's conduct with respect to the Plaintiff was at all times reasonable, in complete good faith, based upon good cause, and motivated solely by legitimate business considerations.

**TENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that any and all acts alleged to have been committed by Defendant were performed with lack of knowledge and lack of willful intent.

-7-

### ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that it was justified and privileged in all of the actions it took and, thus, Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered or will suffer any damages, those damages are the result of her own conduct, and not the result of any conduct by this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff's claims against it are or may be barred to the extent that any loss, injury, damages or detriment allegedly suffered by Plaintiff were caused, contributed to or resulted from, either wholly or partially, the conduct, acts, omissions, activities, breach, carelessness, recklessness or negligence of others, including, but not limited to Plaintiff, other defendants or third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative and not reasonably ascertainable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, to the extent that she has failed to exhaust her administrative remedies as required by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants all necessary parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Intervening acts or omissions of other persons and/or entities may have constituted an intervening, superseding cause of the injuries and/or damages allegedly sustained by Plaintiff.

**WHEREFORE,** this answering Defendant prays for judgment in its favor as follows:

1. That Plaintiff takes nothing by reason of her Complaint;
2. For Defendant's attorney's fees;
3. For defendant's cost of suit herein; and

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    4.    For such other and further relief as this Court deems just and proper.

Dated: January 17, 2008              GORDON & REES LLP

                                     By:    /s/ Catherine A. Salah
                                     ─────────────────────────────
                                     DION N. COMINOS
                                     CATHERINE A. SALAH
                                     Attorneys for Defendant
                                     COMPASS VISION, INC.