CHRISTIAN GREEN, State Bar No. 173502
LAW OFFICES OF SAMUEL G. GRADER
2180 Harvard Street, Suite 400
Sacramento, CA 95815
Telephone: (916)567-6404
Direct Line: (916)567-6426
FAX: 866-903-4464

Attorney for Defendant
NATIONAL MEDICAL SERVICES, INC., D/B/A NMS LABS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON, | Case No. 3:07cv03431 BZ |
| Plaintiff, | |
| vs. | **NATIONAL MEDICAL SERVICES, INC. D/B/A NMS LAB'S ANSWER TO AMENDED COMPLAINT** |
| COMPASS VISION, INC., et al., | |
| Defendants. | |

COMES NOW defendant NATIONAL MEDICAL SERVICES, INC., D/B/A NMS LABS and answers Plaintiff's Amended Complaint as follows:

**ADMISSIONS AND DENIALS**

PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint.

4.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint.

5.   Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6.   Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint.

8.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint.

## OPERATIVE FACTS

9.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint.

10.  Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

11.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

12.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint.

13.  Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint.

20. Defendant admits the allegations contained in sub-paragraphs a and b and denies the allegations contained in sub-paragraphs c and d of paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations of paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations contained in paragraph 22 of the Amended Complaint, however the allegation purports to quote a third party, which speaks for itself, and any attempt to mischaracterize the quote is expressly denied.

23. Defendant admits the allegations contained in paragraph 23 of the Amended Complaint, however the allegation purports to quote a third party, which speaks for itself, and any attempt to mischaracterize the quote is expressly denied.

24. Defendant admits the allegations contained in paragraph 24 of the Amended Complaint, however the allegation purports to quote a third party, which speaks for itself, and any attempt to mischaracterize the quote is expressly denied.

25. Defendant admits that the tests are accurate and reliable measurements based on alleged scientific research.

26. Defendant admits the allegations contained in paragraph 26 of the Amended Complaint, however the allegation purports to quote a third party, which speaks for itself, and any attempt to mischaracterize the quote is expressly denied.

27. Defendant denies the allegations of paragraph 27 of the Amended Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations of paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations of paragraph 33 of the Amended Complaint.

## COUNT I

## DEBORAH WILSON V. COMPASS VISION AND NMS

34. Defendant admits the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations of paragraph 36 of the Amended Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

40. Defendant admits the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Amended Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations of paragraph 43 of the Amended Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations of paragraph 45 of the Amended Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations of paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations of paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations of paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations of paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations of paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations of paragraph 53 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant, pursuant to Federal Rule Of Civil Procedure 8(c), asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the applicable statute of limitations..

### THIRD AFFIRMATIVE DEFENSE

The plaintiff herself was careless, negligent and/or otherwise at fault in and about the matters alleged by the plaintiff in the Amended Complaint and that such carelessness, negligence and/or other fault proximately caused the happening of the incident and the loss

and damages complained of and that said fault proportionately reduces any potential recovery against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that it neither owed nor breached any duty to the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that third persons, corporations or other entities, for which this defendant is not responsible, were careless, negligent and/or otherwise at fault in and about the matters alleged by the plaintiff in the Amended Complaint and that such carelessness, negligence and/or fault proximately caused the happening of the incident and the loss and damage complained of and that said fault proportionately reduces any potential recovery against this defendant.

### SIXTH AFFIRMATIVE DEFENSE

This answering defendant alleges that if plaintiff is found to be entitled to any recovery against this defendant, which said defendant denies, the plaintiffs' employer was guilty of negligence and other wrongful conduct proximately causing the alleged accident, and the amount of such recovery, if any, should accordingly be diminished and reduced.

### SEVENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and based thereon alleges that plaintiff failed to exercise reasonable care and diligence to avoid loss and to mitigate her damages, if any there were, and that the plaintiff may not recover for losses which could

have been prevented by reasonable efforts on her part or by expenditures that she might reasonably have made.

## EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint may be barred by the doctrines of collateral estoppel and *res judicata*.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff executed a release, then her claims are barred and/or limited by the execution of the release.

## TENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and properly under the circumstances, and no act or omission on its part was a proximate cause or substantial factor in bringing about plaintiff's claimed damages.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, defendant requests that plaintiff take nothing by her Amended Complaint and that defendant be awarded judgment in this action and costs of suit.

DATED: January 17, 2008          LAW OFFICES OF SAMUEL G. GRADER

By /S/ Christian B. Green
CHRISTIAN B. GREEN
Attorney for Defendants NMS

# CERTIFICATE OF SERVICE

Matter: Wilson v. Compass Vision, Inc.
United States District Court, Northern District Case No.: 3:07-cv-03431 BZ

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within entitled cause. I am an employee of the Law Offices of Samuel G. Grader and my business address is 1860 Howe Avenue, Suite 350, Sacramento, California 95825. On this date, I served the following documents:

**Answer to First Amended Complaint**

\_\_\_\_  by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with our firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service at Sacramento, California, on the same day in the ordinary course of business. Said correspondence was addressed as set forth below.

_XX_  by having a true copy of the documents listed above transmitted via email to the names, addresses via the US District Court, Northern District website.

\_\_\_\_  b y causing personal delivery of a copy thereof to the person or the office of the person at the address listed below.

| **Attorney for Plaintiff** | **Attorney for Defendant Compass Vision, Inc.** |
|---|---|
| Joshua A. Ridless | Catherine A. Salah |
| Paul A. Moore, III | Gordon & Rees LLP |
| Law Offices of Joshua A. Ridless | 275 Batter Street, Suite 2000 |
| 244 California Street, Suite 300 | San Francisco, CA 94111 |
| San Francisco, CA 94111 | Tx: 415-986-5900  Fx: 415-986-8054 |
| Tel: 415-614-2600  Fx: 415-480-1398 | Email: csalah@gordonrees.com |

Norman Perlberger
Pomerantz Perlberger & Lewis
700 Stephen Girard Bldg
Philadelphia, PA 19107
Tel: 215-569-8866

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2008, at Sacramento, California.

//Deborah J. Weidle
Deborah J. Weidle

-1-