Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON | CASE NO. C 07-03431 BZ |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | [Local Rule 16-9] |
| COMPASS VISION, INC.; and NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS | Date: January 28, 2008<br>Time: 4:00 p.m. |
| Defendants. | Courtroom: G<br>Judge: Hon. Bernard Zimmerman |

Pursuant to Local Rule 16-9, the parties submit the following Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>:

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a). Plaintiff alleges that her damages exceed $75,000.

No other parties remain to be served.

2. <u>Facts</u>:

Plaintiff, a registered nurse, in or about May 2003, signed a recovery agreement with the California State Board of Nursing submitting herself to future random urine testing. Plaintiff alleges that the defendants, Compass Vision and NMS were proponents of EtG testing of urine for professionals in diversion programs and that they set the cutoffs and interpreted the test. The California Board of Nursing implemented EtG testing. Plaintiff alleges use of ordinary products

-1-

containing alcohol would show positives at the cutoffs. Plaintiff alleges she was disciplined as a result of two false positives, in May and June of 2005.

Defendants allege that a corporation known as Maximus contracted with the Nursing Board to serve as the Administrator of the recovery program in which Plaintiff was required to participate as a condition of maintaining her license. The testing methodology selected by the Nursing Board to which Plaintiff was required to submit is known as "EtG" testing. The EtG test is a biomarker test that detects the presence of ethyl glucuronide, a metabolite of ethanol (alcohol) in urine samples.

Defendants further allege that Defendant Compass Vision contracted with Maximus to serve as the Third Party Administrator of Maximus' and/or the Nursing Board's EtG testing program of nurses participating in the Nursing Board's recovery program. Compass Vision denies that it set test cut-offs or interpreted the results thereof. Defendant NMS Labs performed the testing of the plaintiff's urine samples and provided the results of the EtG levels.

3. <u>Legal Issues</u>:

a. Plaintiff asserts that the defendants owed her as a tested nurse, a duty to use reasonable care to avoid false positive drug and alcohol testing results. Although Defendants' position is to the contrary, this Honorable Court ruled, in its opinion denying Defendants' Motion to Dismiss Plaintiff's negligence claim, that under California's balancing test set forth in *Rowland v. Christian,* 69 Cal.2d 108, 112-113 (Cal.1968), defendants owed Plaintiff a duty of care. In its Opinion, the Court stated, "Defendants' argument that promoting and conducting a flawed test is distinguishable from cases where laboratories mishandled test specimens or the reporting of test results, thereby negating their duty to Plaintiff, is unpersuasive. [Citations omitted.] Plaintiff alleges that defendant negligently set the EtG cut off level so low that plaintiff tested false positive twice." (Order dated December 27, 2007, citing approvingly the reasoning of District Court Judge Benitez in the related case of *Quisenberrry v. Compass Vision*, et al., from the Southern District of California (Case No. 07CV1135, November 14, 2007), which cited as persuasive authority *Ishikawa v. Delta Airlines, Inc.,* 343 F.3rd 1129, 1134 (9th Cir. 2003.) This Court also cited *Rowland v. Christian*, 69 Cal.2d 108, 1120113 (Cal. 1968), *Sharpe*

-2-

1 *v. St. Luke's Hosp.*, 573 Pa. 90 (Pa. 2003), *Stinson v. Physicians Immediate Care, Led.* 269 Ill,

2 App.3rd 659 (1995) and *Duncan v. Afton, Inc.*, 991 P.2d 730 (Wyo. 1999.)

3     Defendants contend that Plaintiff cannot maintain her claim for negligence since

4 Defendants owed Plaintiff no duty of care. (*SmithKline Beecham Corp. v. Does*, 903 W.2d 347

5 (Tex. 1995); *Hammond v. City of Philadelphia*, 164 F. Supp.2d 481 (E.D. Pa. 2001); *Ney v.*

6 *Alexrod,* 723 A.2d 719 (Pa. Super. 1999); *Promubol v. Hackett*, 454 Pa. Super. 622 (1996);

7 *Tomko v. Marks*, 412 Pa. Super. 54 (1992); *Elia v. Erie Ins. Exchange*, 398 Pa.Super. 423

8 (1990); *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3rd 705 (2003); *Herbert v. Placid*

9 *Ref. Co.*, 564 (So.2d 371 (La.Ct.App. 1990); *Caputo v. Compuchem Labs, Inc.*, 1994 WL

10 100084, aff'd 37 F.3rd 1485 (3rd Cir. 1994); *Cooper v. Laboratory Corp. of Am. Holdings, Inc.*,

11 150 F.3rd 376 (4th Cir. 1998); *Vargo v. National Exch. Carriers Ass'n, Inc.*, 376 N.J. Super. 364.)

12     b.    Plaintiff contends that in addition to economic loss as a result of defendants'

13 alleged negligence, she is entitled to recover general damages for injury to her reputation and

14 credibility as a nursing professional, and the consequent humiliation and emotional distress. This

15 Honorable Court allowed plaintiff to amend her complaint, which was done on January 7, 2008,

16 to amplify the factual allegation substantiating these claims. Plaintiff contends that California

17 law permits recovery for humiliation and emotional harm as a recognized injury from damage to

18 reputation. See California Code Sections 44-48. Second, Plaintiff contends that California law

19 provides that there can be exceptional circumstances present that justify the awarding of

20 damages for negligent infliction of emotional distress. See *Molien v. Kaiser Foundation*

21 *Hospitals* 27 Cal. 3rd 916 (1980).

22     Defendants contend that, under California law, Plaintiff's claims do not entitle her to

23 recover damages for alleged emotional distress. (*Friedman v. Merck & Co*, 107 Cal. App. 4th

24 454, 485 (2003); *Yu v. Signet Bank/Virginia*, 69 Cal.App.4th 1377, 1397; *Finch v. Brenda*

25 *Raceway Corp.*, 22 Cal.App.4th 547, 554 (1994); *Smith v. Superior Court*, 10 Cal.App.4th 1033,

26 1040 (1992).)

27     c.    The parties dispute whether Plaintiff is entitled to punitive damages under Cal.

28 Civ. Code § 3294.

-3-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT     CASE NO. C 07-03431 BZ

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1.     4.    <u>Motions</u>:

        a.    Prior Motions

Defendants filed a Motion to Dismiss pursuant to F.R.Civ. P. 12(b) (6). The motion was granted in part and denied in part. The motion was denied as to Plaintiff's negligence claim and prayer for punitive damages. The motion was granted as to all other causes of action pled in Plaintiff's Complaint which were withdrawn by Plaintiff. It was granted with leave to amend as to Plaintiff's claim for damages for emotional distress.

        b.    Anticipated Motions

Plaintiff intends to file a Motion for Consolidation for Discovery and Trial with the related action *Cleveland v. Compass Vision, Inc*., Case No. CV 07 5642 (EDL), United States District Court for the Northern District of California. Defendants intend to file summary judgment motions. It is also anticipated that there will be a pre-trial Daubert hearing.

    5.    <u>Amendment of Pleadings</u>:

Plaintiff filed an Amended Complaint on January 7, 2008. No other amendments are anticipated at this time.

    6.    <u>Evidence Preservation</u>:

Plaintiff requests preservation of inter and intra-company emails concerning the interpretation of EtG testing and any questions concerning it. Defendants request preservation of the entirety of Plaintiff's records pertaining to her participation in the Nursing Board's Recovery Program including, but not limited to, correspondence, medical records, disciplinary findings, appeals and test results.

    7.    <u>Disclosures</u>:

The parties' have not yet served their initial disclosures since, pursuant to Fed. R. Civ. P. 26(D) the time for doing has not yet occurred (14 days after the instant Conference.)

    8.    <u>Discovery</u>:

The parties have not yet engaged in any discovery pending the Court's Order of December 27, 2007 on Defendants' Motion to Dismiss.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Plaintiff anticipates the following discovery: Depositions of designees from both
2  defendants concerning EtG testing, promotion and sale of EtG testing, research and
3  establishment of cut-offs for positive results of EtG testing, and their involvement in EtG testing
4  in California. Depositions of Kim McKown, owner of Compass Vision, and Martha Brown, a
5  MRO. Deposition of CEO and Medical Director of NMS and Dr. Edward John Barbieri, NMS
6  lab director and forensic toxicologist. Plaintiff will also depose the person most knowledgeable
7  from the California State Nursing Board on how EtG testing started in California. Further
8  Plaintiff anticipates serving both defendants with written discovery, namely interrogatories,
9  request for documents, and requests for admissions

10  Defendants anticipate taking Plaintiff's deposition, the deposition(s) of the Persons Most
11  Knowledgeable associated with either Maximus, the Administrator of the California Nurses
12  Recovery Program or State Board of Nursing who were involved with alleged disciplinary action
13  taken in response to Plaintiff's EtG test results, Persons Most Knowledgeable associated with
14  Plaintiff's participation/compliance with the Recovery Program, and the Person(s) Most
15  Knowledgeable with Defendant NMS regarding testing of Plaintiff's samples and/or the results
16  thereof.  Further, Compass Vision anticipates serving Plaintiff with interrogatories, a document
17  demand and requests for admissions.

18  The parties jointly propose to the court the following discovery plan:
19  The parties will exchange by March 31, 2008 the information required by FRCP 26(a) (1)
20  [Initial Disclosure].

21  Discovery will be needed on the following subjects:
22  Defendants' history and involvement with EtG testing and providing EtG testing services
23  to the California State Board of Nursing and/or Maximus.  Defendants' alleged representations
24  concerning the efficacy of EtG testing and what research and scientific data was depended on for
25  said alleged representations.  Plaintiff's background, including history of alcohol consumption,
26  involvement in the drug recovery program and testing and reporting methods implemented on
27  her samples.  Plaintiff's claimed injuries and damages.  This discovery will be completed with
28  written and deposition discovery as set forth more specifically above.

-5-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

All non-expert discovery will be commenced so as to be completed by 60 days prior to trial.

Maximum of 35 interrogatories by each party to any other party, responses due 30 days after service.

Maximum of 35 requests for admission by each party to any other party, responses due 30 days after service.

Maximum of 35 requests for production of documents by each party to any other party, response due 30 days after service.

Maximum of 10 depositions by plaintiff and 10 depositions in total by defendants.

The parties do not request a conference with the Court before entry of a Scheduling Order.

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

*Cleveland et al v. Compass Vision, Inc.*, Case No. CV 07 5642 (EDL), United States District Court for the Northern District of California. (Five plaintiffs.)

*Quisenberry v. Compass Vision, Inc. and Quest Diagnostics, Inc., dba Northwest Toxicology*, Case No. 07-CV-01135-BEN-AJB, USDC for the Southern District of California.

*Gonzales v. Compass Vision, Inc., et al.*, Case No. 07 CV 1951 BEN AJB, United States District Court for the Southern District of California. (Nine plaintiffs.)

*Nancy Clark v. FirstLab, Quest and NMS*, No. 06-27461 Court of Common Pleas, Montgomery County, Pennsylvania.

*Boyer v. FirstLab and Quest*, No. 07-11356 Court of Common Pleas, Montgomery County, Pennsylvania.

*Gately v. FirstLab and Quest,* No. 07- 21354 Court of Common Pleas, Montgomery County, Pennsylvania.

*Berry v. NMS and Compass Vision,* Case No. 07-CV-0365 District Court of Johnson County, Kansas.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  *D. Clark v. NMS and Compass Vision,* Case No. 08-CV- 0043 District Court of Johnson County, Kansas.

*Fernandez v. NMS and Compass Vision,* Case No. 07-CV-8668 District Court of Johnson County, Kansas.

*Grable v. NMS and Compass Vision,* No. 07-CV-9904 District Court of Johnson County, Kansas.

*Lampe v. NMS and Compass Vision,* No. 07-CV-6475 District Court of Johnson County, Kansas.

*Lorie Garlick, et al. v. Quest Diagnostics, Inc., et al.*, Case No. 06-cv-6244 (DMC) United States District Court for the District of New Jersey (Newark). Class action filed on December 27, 2006. (Fifteen named plaintiffs, including five plaintiffs from California.)

11. <u>Relief</u>:

Plaintiff seeks monetary damages for loss of income, future loss of income, additional costs of recovery program caused by alleged false positive tests, damages to professional reputation and credibility and humiliation and emotional distress as a consequence of injury to reputation and from apprehension of further false positives.

12. <u>Settlement and ADR</u>:

Plaintiff is agreeable to settlement discussions and mediation.

Defendants believe that Plaintiff's action should be summarily adjudicated in their favor and that Plaintiff's action should properly be dismissed. Prior to being in a position to consider resolution by settlement, therefore, Defendants request sufficient time to conduct discovery and file summary judgment motions.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

Plaintiff consents. Defendants have not been served with a "Notice of Assignment to Magistrate Judge," or a "Request for Reassignment to a United States Judge for Trial and Disposition." [ND CA Gen. Order 41].

-7-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT    CASE NO. C 07-03431 BZ

14. <u>Other References</u>:

Plaintiff believes that this EtG action and the other Northern District related EtG actions, including six plaintiffs, may be suitable for Multidistrict Litigation with the two related EtG actions including 10 plaintiffs in the Southern District

15. <u>Narrowing of Issues</u>:

Will be addressed after discovery.

16. <u>Expedited Schedule</u>:

The parties do not believe that the case is amenable to an expedited schedule.

17. <u>Scheduling</u>:

All discovery to be completed by August 28, 2008.

Reports from retained experts under Rule 26(a)(2) due: Plaintiff Expert reports by September 28, 2008. Defendant Expert reports by October 28, 2008. Expert depositions by November, 28, 2008. Summary Judgment Motions by November 28, 2008. Pretrial Conference by January 19, 2009.  Trial by February 16, 2009.

18. <u>Trial</u>:

Jury trial. The parties request a Trial date in February 2009.  It is expected that trial will last 10-15 court days. The estimated length of trial may be greater depending on whether this case is ultimately consolidated with a related multi-plaintiff case.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

Defendant Compass Vision has filed a Certification of Interested Entities or Persons.  As disclosed therein, Kim McKown is the owner of Compass Vision, Inc.  At this time, there is no involved insurer on behalf of Compass Vision, although tenders of defense have been made.

Defendant NMS Labs is a nongovernmental corporate party that does not have any parent corporation or publicly held corporation that owns 10% or more of its stock.  Its involved insurer is CNA.

20. <u>Other Matters</u>:

None.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Dated: January 22, 2008

POMERANTZ PERLBERGER & LEWIS LLP

By: /s/ Norman Perlberger
NORMAN PERLBERGER
ELIOT H LEWIS
700 Stephen Girard Building
21 South 12th Street
Philadelphia, PA 19107
Tel: (215) 569-8866
Fax: (215) 568-6511
nperlberger@ppl-law.com
ehlewis@ppl-law.com

*Attorneys Pro Hac Vice For Plaintiff
DEBORAH WILSON*

GORDON & REES LLP

By: /s/ Catherine A. Salah
DION N. COMINOS
CATHERINE A. SALAH
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-5900
Fax: (415) 986-8054
dcominos@gordonrees.com
csalah@gordonrees.com

*Attorneys for Defendant
COMPASS VISION, INC.*

LAW OFFICES OF SAMUEL G. GRADER

By: /s/ Christian Green
CHRISTIAN GREEN
1860 Howe Avenue, Suite 350
Sacramento, CA 95825
Tel: (916) 567-6404
Fax: (866) 903-4464
christian.green@cna.com

*Attorneys for Defendant
NATIONAL MEDICAL SERVICES, INC. DBA NMS LABS*