1  DION N. COMINOS (SBN: 136522)
   *dcominos@gordonrees.com*
2  CATHERINE A. SALAH (SBN: 154524)
   *csalah@gordonrees.com*
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA 94111
5  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
6
   Attorneys for Defendant
7  COMPASS VISION, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   DEBORAH WILSON                          CASE NO. C 07-03431 BZ
12
                      Plaintiff,           **DEFENDANT COMPASS VISION,
13                                         INC.'S INITIAL DISCLOSURES**
          vs.
14
   COMPASS VISION, INC.; and NATIONAL      **[Fed.R.Civ.P 26(a)(1)]**
15 MEDICAL SERVICES, INC., d/b/a NMS LABS

16                   Defendants.       /

17

18       Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Compass Vision, Inc.

19 ("Compass Vision") provides the following initial disclosures. Compass Vision's investigation

20 is continuing and discovery in this action has not yet commenced. These disclosures were

21 prepared after a reasonable inquiry and are complete and correct as of this date. Compass Vision

22 will supplement these disclosures if and when additional information becomes available.

23       **A.      WITNESSES**

24       Compass Vision believes that the following individuals have or may have knowledge of

25 discoverable information relevant to the disputed facts alleged in the pleadings and defenses

26 thereto. Discovery and investigation are continuing as to additional witnesses.

27

28

1. The Plaintiff;

2. Kim McKown, President of Compass Vision, c/o Catherine Salah, Gordon & Rees LLP, 275 Battery Street, Suite 2000, San Francisco, California 94111, (415) 986-5900. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, on the subject of Compass Vision's scope of services pursuant to its agreements with Maximus, Inc.; the roles of Maximus, Inc. and the California Board of Registered Nursing ("the Board") related to the institution and use of EtG testing for nurses in the Board's Diversion Program; and the scope of services provided by National Medical Services ("NMS.")

3. Martha Brown, M.D. University of South Florida; Department of Psychiatry and Behavioral Medicine; 3515 E. Fletcher Avenue; Tampa, Florida 33613 (813) 974-2575. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, the nature and scope of services provided by a Medical Review Officer versus medical consultants retained by Maximus, Inc. and/or the Board.

4. Sonia Menenberg. Address currently unknown. Former Maximus Program Director for the California Diversion Program. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, on the subjects of Maximus' role as administrator of the Board's Diversion Program and the Board's and/or Maximus' decision to implement EtG testing.

5. Robert G. Britton, Senior Vice President, Health Professionals Diversion Program Director, Western Region, Health Services Group, Maximus, Inc., 3130 Kilgore Road, Suite 100, Rancho Cordova, CA 95670, (916) 364-6610. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, on the subject of the scope and limitations of Compass Vision's services pursuant to contracts with Maximus.

6. Ruth Ann Terry. Address currently unknown. Executive Officer of the Board of Registered Nursing. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program; factors taken into consideration

-3-

regarding disciplinary action of nurses participating in the Program, including Plaintiff; circumstances regarding the Board's Accusation against Plaintiff; Plaintiff's compliance/non-compliance with Board regulations and orders and the Board's Disciplinary Orders pertaining to Plaintiff.

7. Carol Stanford. Address currently unknown. Board of Nursing Executive Officer. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, the Board of Nursing's decision to include EtG on test panels of participants in the Diversion Program and factors taken into consideration regarding disciplinary action of nurses participating in the Program.

8. Maximus Case Managers involved with Plaintiff's participation in the Diversion Program and/or disciplinary action. Identities are currently unknown to Compass Vision.

9. Medical directors and/or consultants for Maximus and/or the Board responsible for interpreting Plaintiff's test results in issue. Identities are currently unknown to Compass Vision.

10. Individuals associated with National Medical Services ("NMS") involved with collection and/or testing of Plaintiff's samples in issue. Identifies are currently unknown to Compass Vision. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, the scientific accuracy of the EtG level testing at issue, the basis for the established reporting limits and reliability of reporting by NMS regarding such testing.

11. Individuals associated with NWT/Labone/Quest Diagnostics, Inc. Knowledge regarding the use, reliability, and representations regarding EtG testing and the scientific accuracy of EtG testing levels. Identifies are currently unknown to Compass Vision.

12. Medical doctors, psychiatrists, psychologists, counselors, field monitors and/or nurse support group facilitators who have knowledge of Plaintiff's condition during relevant times pled in the Complaint. Identities are currently unknown to Compass Vision.

13. Plaintiff's employers during relevant times pled in the Complaint. Identities are currently unknown to Compass Vision.

1    14.    Gregory Skipper, M.D. 19 S. Jackson Street, Montgomery, Alabama, 36104; (334) 954-2596. Knowledge regarding the facts and circumstances that relate to the allegations in Plaintiff's Complaint and, specifically, use and reliability of EtG testing.

Compass Vision reserves the right to call as witnesses persons disclosed by other parties to this action or identified in the documents disclosed and produced by the parties in this action as its review and analysis of such documents takes place.

**B.    DOCUMENTS**

Compass Vision describes the categories below that it may use to support its claims or defenses. Discovery and investigation are continuing as to additional documents and Compass Vision reserves the right to supplement its document disclosures if and when additional information becomes available.

1.   Lab Testing Services Agreement between Compass Vision and Maximus, Inc.

2.   Agreements between Compass Vision and NMS.

3.   Laboratory Certifications from National Medical Services, Inc.

4.   Literature provided by testing laboratories related to EtG testing.

5.   Documents pertaining to the scientific reliability of EtG testing.

6.   Plaintiff's diversion file, including medical and/or psychological records, case notes, progress notes, Diversion Evaluation Committee notes, communication with the DEC consultant, nurse facilitator reports, sponsor reports, treatment provider reports, laboratory test results and disciplinary orders. Defendant has not yet obtained these documents. Believed to be in Plaintiff's possession, a matter of public record, or maintained by the State Board.

7.   Investigative records maintained by the California Board of Registered Nursing pertaining to Plaintiff. Defendant has not yet obtained these documents. Believed to be in Plaintiff's possession, a matter of public record, or maintained by the State Board.

8.   Criminal records pertaining to Plaintiff. Believed to be in Plaintiff's possession and/or the Board's possession.

9.   Presentation materials from 2004 annual meeting of Federation of State Physician Health Programs. This is a public records equally available to Plaintiff.

-4-

1    10. Maximus proposal responding to the California State Department of Consumer
2    Affairs Diversion Program RFP #7467-01-02. This is a public record equally available to
3    Plaintiff.

4    11. Maximus, Inc.'s contract with California State Department of Consumer Affairs
5    related to the Department's Diversion Program. This is a public record, equally available to
6    Plaintiff.

7    12. Documents related to the Nursing Board's and/or Maximus, Inc.'s decision to
8    include EtG on the test panel for participants of the Diversion Program.

9    13. *Drug Screening as a Regulatory Tool*, National Council of State Boards of
10   Nursing.

11   14. State of California Department of Consumer Affairs Board of Registered Nursing
12   Minutes related to EtG testing.

13   15. National Council of State Boards of Nursing Discipline and Investigative
14   Resources related to EtG testing.

15   16. Federal guidelines defining the role of a Medical Review Officer.

### C.  DAMAGES

Compass Vision contends that its conduct has not caused Plaintiff to sustain any damages. Compass Vision has not, at this time, cross-complained against any other party, although it expressly reserves its right to do so should information obtained in discovery appear to support such a claim.

### D.  INSURANCE

Upon information and belief, Compass Vision believes that the following insurance policies may be applicable to Plaintiff's claims, but expressly discloses that, as of the date of the preparation of this Disclosure, no carrier has accepted coverage.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1. Landmark American Insurance Company.
   Insured: Compass Vision, Inc.
   Policy No.: LHM807460

**2.** Scottsdale Insurance Company
   Insured: Compass Vision Inc.
   Policy No. CPS0511157

Dated: February 11, 2008              GORDON & REES LLP


                                      By:  /s/ Catherine A. Salah
                                      _____
                                      DION N. COMINOS
                                      CATHERINE A. SALAH
                                      Attorneys for Defendant
                                      COMPASS VISION, INC.