Norman Perlberger, Esquire
Eliot H. Lewis, Esquire                                         Attorneys Pro Hac Vice for Plaintiff
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
(215) 569-8866
nperlberger@ppl-law.com
ehlewis@ppl-law.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH WILSON,** : | CIVIL ACTION NO. C07-3431 BZ |
|           **Plaintiff** : | |
| : | **PLAINTIFF DEBORAH WILSON'S** |
| vs. : | **INITIAL DISCLOSURES** |
| : | **PURSUANT TO F.R.C.P. 26** |
| **COMPASS VISION, INC. and** : | |
| **NATIONAL MEDICAL SERVICES, INC.** : | |
| **D/B/A NMS LABS** : | |
| : | |
| : | |
| : | |

## PLAINTIFF'S RULE 26(a) (1) DISCLOSURE STATEMENT

AND NOW, pursuant to Federal Rule of Civil Procedure 26(a), comes Plaintiff by and through her attorneys pro hac vice, Pomerantz Perlberger & Lewis LLP and initially discloses as follows:

Plaintiff hereby provides the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). These disclosures are based on information reasonably available to the Plaintiff as of the date these disclosures are served. By making these disclosures, the Plaintiff does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. The Plaintiff expressly reserves the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedure 26(e).

(A)  Persons Reasonably Likely to Have Discoverable Information concerning Claims and Defenses:

    1.  Deborah Wilson
        361 Garden Common
        Livermore, California  94551

Ms. Wilson is the plaintiff and has discoverable information pertaining to the claims and/or defenses of the parties

    2.  Anna Fisher – c/o Maximus

Ms. Fisher was the Diversion Evaluation Committee (DEC) consultant for Deborah Wilson and has discoverable information pertaining to the claims and/or defenses of the parties.

    3.  Sandra Meadows, Joan Kosakoski - c/o Maximus

Ms. Meadows and Ms. Kosakoski were Case Managers for Deborah Wilson and have discoverable information pertaining to the claims and/or defenses of the parties.

    4.  Dr. Gregory Skipper
        19 S. Jackson St.
        Montgomery, Alabama 36104

Dr. Skipper introduced Etg testing in the United States and has discoverable information pertaining to the claims and/or defenses of the parties.

    5.  Dr. Martha E. Brown c/o defendant Compass Vision

Dr. Brown was the Medical Review Officer (MRO) provided by defendant Compass Vision to California nurses, including plaintiff and has discoverable information pertaining to the claims and/or defenses of the parties.

    6.  Dr. H. Westley Clark c/o SAMHSA

Dr. Clark is Director of the Center for Substance Abuse Treatment under the Substance Abuse and Mental Health Services Administration, (SAMHSA), U.S. Department of Health and Human Services, and has discoverable information pertaining to the claims and/or defenses of the parties.

    7.  Jackie (will supply surname and address)

Jackie is the sponsor for Ms. Wilson's recovery and has discoverable information pertaining to the claims and/or defenses of the parties.

Plaintiff reserves the right to use as an exhibit any document disclosed by other parties.

**PLAINTIFF WILSON'S FRCP 26(a) INITIAL DISCLOSURES**                                       <u>**NO. C07-3431 BZ**</u>

(B) <u>Relevant non-privileged documents, data, compilations and tangible things in the possession, custody and/or control of Plaintiff</u>

1. Ethyl Glucuronide (Etg) FAQs web page of defendant NMS Labs.

2. National Medical Services Ethyl Glucuronide Test Announcement

3. Abstract #152 "Ethyl Glucuronide levels in Urine" co-authored by Martha E. Brown.

4. Transcription of portions of SAMHSA meeting of 9/20/06.

5. Dr Skipper EtG Memo of 8/15/2005.

6. SAMHSA Advisory of September 2006.

7. Documents kept by Ms. Wilson pertaining to her diversion program. Includes contracts, addendums, termination letter, lab receipts and correspondence from Maximus and the California Nursing Board.

Plaintiff reserves the right to call as a witness any person disclosed by other parties.

(C.) <u>Computation of Damages</u>

Ms. Wilson missed approximately 6 weeks of work because of her "positive EtG tests in May and June of 2005. She was making $38/hr or $1520/week. She did get unemployment of $2599. Her actual loss was 6 x $1520 = $9120 – 2599 = $6521

She had to pay $75 for the MRO and estimates at least $700 for increased testing after the positives. Her past out of pockets are therefore approx. $7300.

From the experience of others in her situation, she expects by April 2008 to be put on probation for 3-5 years and again have to test. Probation costs could approach $10,000. Positive EtG testing during probation can result in the loss of her license. Her present supervisor is not aware of her diversion history, (her previous supervisor at the same job did know). Her job could be in jeopardy when she is placed on probation. She currently earns $41/hour.

Ms. Wilson also seeks compensation for injury to her reputation, credibility and permanent stain on her nursing license, as well as the humiliation and anxiety caused by the EtG testing.

Dated: February 11, 2008                          Respectfully submitted,

                                                  POMERANTZ PERLBERGER & LEWIS LLP

                                                  _____/s/_____
                                                  BY: NORMAN PERLBERGER, ESQUIRE
                                                  Attorneys Pro Hac Vice for Plaintiff

**PLAINTIFF WILSON'S FRCP 26(a) INITIAL DISCLOSURES**                <u>NO. C07-3431 BZ</u>

Norman Perlberger, Esquire
Eliot H. Lewis, Esquire                           Attorneys Pro Hac Vice for Plaintiff
POMERANTZ PERLBERGER & LEWIS LLP
21 South 12th Street, 7th Floor
Philadelphia, PA 19107
(215) 569-8866
nperlberger@ppl-law.com
ehlewis@ppl-law.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **DEBORAH WILSON,** | : | **CIVIL ACTION NO. C07-3431 BZ** |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| **COMPASS VISION, INC.** and | : | |
| **NATIONAL MEDICAL SERVICES, INC.** | : | |
| **D/B/A NMS LABS** | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

**CERTIFICATION OF SERVICE**

NORMAN PERLBERGER, ESQUIRE, hereby certifies that service of Plaintiff's Rule 26(a)(1)

Disclosure Statement was made this date by ecf-filing to the following:

       Catherine A. Salah, Esquire         Christian Barrett Green, Esquire
       Gordon & Rees, LLP                    Law Offices of Samuel G. Grader
       275 Battery Street, Suite 2000        1860 Howe Street, Suite 350
       San Francisco, CA   94111           Sacramento, CA   95825

       Joshua A. Ridless, Esquire
       244 California Street, Suite 300
       San Francisco, CA   94111

                                        /s/
                              NORMAN PERLBERGER, ESQUIRE

DATED:      February 11, 2008