UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>COMPASS VISION, INC., et al.,<br><br>Defendant(s). | No. C07-5642 BZ<br><br>Related Case: C07-3431 BZ<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS' MOTION TO STRIKE AND CONTINUING JOINT CASE MANAGEMENT CONFERENCE** |

Before me are defendants COMPASS VISION, INC. and NATIONAL MEDICAL SERVICES, INC. D/b/a NMS LABS' (NMS labs) motions to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiffs' motion to strike NMS labs' motion to dismiss.[1]  Having reviewed the papers submitted by both sides, I find no need for argument on this motion and **VACATE** the March 19, 2008 hearing.

Defendants requests for judicial notice of the recent

---

[1] All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

decisions in Garlick v. Quest Diagnostics, Inc. from the Untied States District Court for the District of New Jersey (Case no. 06 cv 6422 (DMC), December 28, 2007) and in Perez-Rocha v. Commonwealth of Pennsylvania, from the Commonwealth Court of Pennsylvania (Case no. 2225 C.D. 2006, October 9, 2007) are **GRANTED**.

Plaintiffs' motion to strike NMS labs' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f) and Civil Local Rule 3-4(e) because it refers to Garlick, which is captioned "Not for Publication", is **DENIED**. Federal Rule of Appellate Procedure and Local Circuit Rule 32.1(a) provides that a "court may not prohibit or restrict the citation of federal . . . orders . . . that have been . . . designated as . . . 'not for publication' . . . and issued on or after January 1, 2007." Nor is there anything in the Local Civil Rules of the District of New Jersey that prevents defendants from citing the opinion.

Striking defendants motions is not appropriate under Federal Rule of Civil Procedure 12(f) either. The reference to the Garlick order is not a "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.Pro. 12(f). Rather, Garlick involves similar claims against some of the same defendants in the instant action, and is relevant to the legal issues in this case. During oral argument on defendants' motions to dismiss in Wilson v. Compass Vision, Inc. (C07-3431 BZ, Northern District Court of California), the related case, I even inquired as to whether the court in Garlick had ruled on defendants' motions to dismiss. That no

2

one has chosen to publish <u>Garlick</u>, either electronically or in print, does not impact the effect of the ruling. Regardless, I do not find the holdings in <u>Garlick</u> and <u>Perez-Rocha</u> persuasive.

At this stage of the litigation, plaintiffs have pled sufficient facts to support their claims for emotional distress damages. <u>Molien v. Kaiser Found. Hosps.</u>, 27 Cal.3d 916, 925 - 28 (1990); <u>cf.</u> <u>In re Dawson</u>, 390 F.3d 1139 (9th Cir. 2004).

Similarly, plaintiffs have pled sufficient facts to defeat the motions to dismiss their claims for punitive damages. NMS labs argued that plaintiffs must amend their complaint to show there is a substantial possibility they will prevail on their punitive damages claims pursuant to California Code of Civil Procedure section 425.13. This argument, however, was raised for the first time in NMS lab's reply memorandum. <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 894-95 (1990) (it is improper for moving party to introduce new facts or different legal arguments in reply memorandum.) As such, I will not consider the argument.

For the reasons set forth in the orders on the motions to dismiss in <u>Quisenberry v. Compass Vision, et al.</u> from the Southern District of California (Case No. 07CV1135, November 14, 2007) and in <u>Wilson</u>, **IT IS ORDERED** that defendants' motions to dismiss are **DENIED**.

The March 5, 2008 joint continued case management
///
///

3

conference set for both this and <u>Wilson</u> is **continued** to **March 24, 2008 at 4:00 p.m.**

Dated: February 29, 2008

                                      */s/ Bernard Zimmerman*
                                      Bernard Zimmerman
                            United States Magistrate Judge

G:\BZALL\-BZCASES\CLEVELAND V. COMPASS VISION\ORDER DENYING MOTIONS TO DISMISS AND STRIKE.FINAL VERSION.wpd