UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE ELIZABETH CLEVELAND, et al.,<br><br>     Plaintiff(s),<br><br>     v.<br><br>COMPASS VISION INC., et al.,<br><br>     Defendant(s). | No. C07-5642 BZ<br><br>Related Case: C07-3431 BZ<br><br>**ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order. It is further **ORDERED** that:

1. <u>TENTATIVE DATES</u>

Trial Date: **Monday, 5/11/2009, 20 days**

Pretrial Conference: **Tuesday, 4/21/2009, 3:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 3/18/2009**

Last Day for Expert Discovery: **Friday, 2/6/2009**

Last Day for Expert Disclosure: **Friday, 1/30/2009**

Close of Non-expert Discovery: **Friday, 1/23/2009**

A status conference is set for **September 15, 2008 at 3:00 p.m.** to discuss whether these cases should be consolidated for trial. The final trial schedule will be set at the conference. As discussed at the case management conference, the parties shall meet and confer prior to the conference to discuss the most efficient and appropriate way to present these cases to a jury.

2.  DISCLOSURE AND DISCOVERY

As discussed at the case management conference, the parties are **ORDERED** to meet and confer regarding discovery issues and stipulate to a discovery plan. By no later than **April 15, 2008**, the parties shall file a proposed order approving their stipulated discovery plan.

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute. Exchanging letters or telephone messages about the dispute is insufficient. The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

1    In the event they cannot resolve their dispute, the
2 parties must participate in a telephone conference with the
3 Court **before** filing any discovery motions or other papers.
4 The party seeking discovery shall request a conference in a
5 letter filed electronically not exceeding two pages (with no
6 attachments) which briefly explains the nature of the action
7 and the issues in dispute.  Other parties shall reply in
8 similar fashion within two days of receiving the letter
9 requesting the conference.  The Court will contact the parties
10 to schedule the conference.
11 3.    MOTIONS
12    Consult Civil Local Rules 7-1 through 7-5 and this
13 Court's standing orders regarding motion practice.  Motions
14 for **summary judgment** shall be accompanied by a statement of
15 the material facts not in dispute supported by citations to
16 admissible evidence.  The parties shall file a joint statement
17 of undisputed facts where possible.  If the parties are unable
18 to reach complete agreement after meeting and conferring, they
19 shall file a joint statement of the undisputed facts about
20 which they do agree.  Any party may then file a separate
21 statement of the additional facts that the party contends are
22 undisputed.  A party who without substantial justification
23 contends that a fact is in dispute is subject to sanctions.
24    A Chambers copy of all briefs shall be e-mailed in
25 WordPerfect or Word format to the following address:
26 bzpo@cand.uscourts.gov.
27 4.    MEDIATION
28    By agreement of the parties, this matter has been

referred for an Mediation to be conducted by **August 1, 2008**. The parties shall promptly notify the Court whether the case is resolved at the Mediation.

5. SETTLEMENT

This case has been referred for assignment to a Magistrate Judge to conduct a settlement conference in January or February of 2009, in the event the case is not resolved at the Mediation.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

6. PRETRIAL CONFERENCE

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, Daubert motions, motions *in limine*, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one extra set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders. Each exhibit shall  be marked with an exhibit label as

4

contained in **Attachment 2**.  The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits.  All Daubert motions, motions *in limine*, and objections will be heard at the pretrial conference.  Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness.  Daubert motions and motion *in limine* shall be filed and served not less than twenty days prior to the conference.  Oppositions shall be filed and served not less than eleven days prior to the conference.  There shall be no replies.

Not less than twenty-one days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict.  The following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (2007 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3.  Do not submit a copy of these instructions.  Counsel shall submit a joint set of case specific instructions.  Any instructions on which the parties cannot agree may be submitted separately.  The Ninth Circuit Manual should be used

where possible. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based. Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source. Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated. In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order. Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

Jury instructions that the Court has given in prior cases may be downloaded from the Northern District website at **http:\\www.cand.uscourts.gov**. (Instructions are located on the "Judge Information" page for Magistrate Judge Zimmerman.) The Court will generally give the same instructions in cases involving similar claims unless a party establishes, with supporting authorities, that the instruction is no longer correct or that a different instruction should be given. CACI instructions generally will be given instead of BAJI instructions.

All motions, proposed findings of fact and conclusions of law and trial briefs shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov

At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) shall be delivered directly to Chambers (Room 15-6688). Chambers' copies of all pretrial documents shall be

1 | three-hole punched at the side, suitable for insertion
2 | into standard, three-ring binders.
3 | Dated: March 27, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CLEVELAND V. COMPASS VISION\TRIAL SCHEDULING ORDER (WILSON & CLEVELAND).wpd

1 **ATTACHMENT 1**

2   The parties shall file a joint pretrial conference statement containing the following information:

3

4   (1) **The Action.**

      (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

      (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

      (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

      (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

      (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

      (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

```
        made to resolve disputes over anticipated testimony,
        exhibits and witnesses.

                (A)   Witnesses to be Called. In
                      lieu of FRCP 26(a)(3)(A), a
                      list of all witnesses likely
                      to be called at trial, other
                      than solely for impeachment or
                      rebuttal, together with a
                      brief statement following each
                      name describing the substance
                      of the testimony to be given.

                (B)   Estimate of Trial Time. An
                      estimate of the number of
                      court days needed for the
                      presentation of each party's
                      case, indicating possible
                      reductions in time through
                      proposed stipulations, agreed
                      statements of facts, or
                      expedited means of presenting
                      testimony and exhibits.

                (C)   Use of Discovery Responses. In
                      lieu of FRCP 26(a)(3)(B), cite
                      possible presentation at trial
                      of evidence, other than solely
                      for impeachment or rebuttal,
                      through use of excerpts from
                      depositions, from
                      interrogatory answers, or from
                      responses to requests for
                      admission.  Counsel shall
                      state any objections to use of
                      these materials and that
                      counsel has conferred
                      respecting such objections.

                (D)   Further Discovery or Motions.
                      A statement of all remaining
                      motions, including Daubert
                      motions.

           (4) **Trial Alternatives and Options.**

                (A)   Settlement Discussion. A
                      statement summarizing the
                      status of settlement
                      negotiations and indicating
                      whether further negotiations
                      are likely to be productive.

                (B)   Amendments, Dismissals. A
                      statement of requested or
```

            proposed amendments to pleadings or dismissals of parties, claims or defenses.

    (C)  Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

| | |
|---|---|
| **USDC**<br>Case No. CV07-03431 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-03431 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-03431 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-03431 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-03431 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-03431 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-03431 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |