DION N. COMINOS (SBN: 136522)
dcominos@gordonrees.com
CATHERINE A. SALAH (SBN: 154524)
csalah@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON<br><br>Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC.; and NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS<br><br>Defendants. | CASE NO. **3:07-cv-03431-BZ**<br><br>STIPULATION AND [PROPOSED] ORDER RE: LEAVE TO FILE THIRD PARTY COMPLAINT<br><br>Crtrm:    G<br>Judge:    Hon. Bernard Zimmerman<br><br>Trial Date:    November 9, 2009 |

WHEREAS Compass Vision, Inc. ("Compass") filed a Motion for Leave to File a Third Party Complaint against Maximus, Inc. on March 27, 2009.

WHEREAS the hearing for Motion for Leave to File a Third Party is currently scheduled to be heard on June 3, 2009.

WHEREAS during the case management conference all of the parties verbally stated that they do not oppose Compass's Motion for Leave to File a Third Party Complaint.

WHEREAS a true and correct copy of the Third Party Complaint is attached hereto as Exhibit "A."

THEREFORE, the parties, by and through their attorneys, hereby stipulate and agree that Compass's may file a Third Party Complaint against Maximus, Inc.

-1-

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: _____, 2009 | GORDON & REES LLP |
| 3 | | |
| 4 | | By: _____ |
| 5 | | DION N. COMINOS |
| | | CATHERINE A. SALAH |
| 6 | | Attorneys for Defendant |
| | | COMPASS VISION, INC. |
| 7 | | |
| 8 | Dated: __4-7__, 2009 | THE KANE LAW FIRM |
| 9 | | |
| 10 | | By: _____ |
| | | STEVEN S. KANE |
| 11 | | Attorneys for Plaintiff |
| | | DEBORAH WILSON |
| 12 | | |
| 13 | Dated: _____, 2009 | POMERANTZ PERLBERGER & LEWIS LLP |
| 14 | | |
| 15 | | By: _____ |
| 16 | | NORMAN PERLBERGER |
| | | Attorneys for Plaintiff |
| 17 | | DEBORAH WILSON |
| 18 | Dated: _____, 2009 | LAW OFFICES OF SAMUEL G. GRADER |
| 19 | | |
| 20 | | By: _____ |
| 21 | | CHRISTIAN GREEN |
| | | Attorneys for Defendant |
| 22 | | NATIONAL MEDICAL SERVICES |
| | | INC. dba NMS LABS |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

| | | |
|---|---|---|
| Dated: _____, 2009 | | GORDON & REES LLP |
| | | By: _____<br>DION N. COMINOS<br>CATHERINE A. SALAH<br>Attorneys for Defendant<br>COMPASS VISION, INC. |
| Dated: _____, 2009 | | THE KANE LAW FIRM |
| | | By: _____<br>STEVEN S. KANE<br>Attorneys for Plaintiff<br>DEBORAH WILSON |
| Dated: _____, 2009 | | POMERANTZ PERLBERGER & LEWIS LLP<br><br>By: /s/ Norman Perlberger<br>NORMAN PERLBERGER<br>Attorneys for Plaintiff<br>DEBORAH WILSON |
| Dated: _____, 2009 | | LAW OFFICES OF SAMUEL G. GRADER<br><br>By: _____<br>CHRISTIAN GREEN<br>Attorneys for Defendant<br>NATIONAL MEDICAL SERVICES INC. dba NMS LABS |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

| | |
|---|---|
| Dated: _____, 2009 | GORDON & REES LLP |
| | By: _____ |
| | DION N. COMINOS |
| | CATHERINE A. SALAH |
| | Attorneys for Defendant |
| | COMPASS VISION, INC. |
| Dated: _____, 2009 | THE KANE LAW FIRM |
| | By: _____ |
| | STEVEN S. KANE |
| | Attorneys for Plaintiff |
| | DEBORAH WILSON |
| Dated: _____, 2009 | POMERANTZ PERLBERGER & LEWIS LLP |
| | By: _____ |
| | NORMAN PERLBERGER |
| | Attorneys for Plaintiff |
| | DEBORAH WILSON |
| Dated: April 3, 2009 | LAW OFFICES OF SAMUEL G. GRADER |
| | By: /s/ (signature) |
| | CHRISTIAN GREEN |
| | Attorneys for Defendant |
| | NATIONAL MEDICAL SERVICES INC. dba NMS LABS |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: 4/1, 2009

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP

By: _____
DAVID F. BEACH
Attorneys for Defendant
NATIONAL MEDICAL SERVICES INC. dba NMS LABS

## ORDER

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Compass's Motion for Leave to File a Third Party Complaint against Maximus, Inc. is GRANTED.

SO ORDERED.

Dated: April 13, 2009

_____
Honorable Bernard Zimmerman
Judge of the District Court

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Bernard Zimmerman]*

# Exhibit A

DION N. COMINOS (SBN: 136522)
dcominos@gordonrees.com
CATHERINE A. SALAH (SBN: 154524)
csalah@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
COMPASS VISION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WILSON<br><br>                    Plaintiff,<br><br>vs.<br><br>COMPASS VISION, INC.; and NATIONAL MEDICAL SERVICES, INC., d/b/a NMS LABS<br><br>                    Defendants.<br>_____ / | CASE NO. C 07-03431 BZ<br><br>**DEFENDANT COMPASS VISION, INC.'S THIRD PARTY IMPLEADER COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Bernard Zimmerman<br>Trial Date:     November 9, 2009 |
| COMPASS VISION, INC.<br><br>                    Cross-Complainant,<br><br>vs.<br><br>MAXIMUS, INC.<br><br>                    Cross-Defendant.         /<br>_____ | |

Third Party Complainant COMPASS VISION, INC. ("Compass") alleges:

1.      Compass is and was at all times herein a corporation incorporated in the State of Florida whose principal place of business is in Wilsonville, Oregon.

2.      On information and belief, MAXIMUS, INC. ("Maximus") is and was at all times herein a corporation incorporated in the State of Virginia.

-1-

CMPVS/1046170/6418231v.1   THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF                                                                                     CASE NO. C-07-03441 BZ

3. The jurisdiction of the court over this subject matter is pursuant to 28 U.S.C. §1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Such jurisdiction existed at the commencement of the action.

4. Compass is informed and believes, and on that basis alleges, that, pursuant to an agreement with the California Department of Consumer Affairs ("CDA"), at all relevant times hereto Maximus served as the administrator of the CDA's Diversion Program ("Diversion Program") pursuant to RFP # 7467-01-02.

5. Compass is informed and believes, and on that basis alleges, that at all relevant times hereto Plaintiff was a participant in said Diversion Program.

6. Compass and Maximus entered into a contract with an effective date of July 1, 2003, whereby Compass agreed to perform certain third party administration in connection with the development, coordination and provision of laboratory services for participants of the Diversion Program. (See Exhibit "A," attached hereto; referred to as "Contract.") As a term and condition of this Contract set forth in Paragraph 13, Maximus agreed to indemnify, defend and hold harmless Compass from losses, costs, claims, damages, liabilities and attorney's fees which Compass may incur arising out of the negligence or willful misconduct of Maximus, its employees or agents, or a breach by Maximus of its obligations under the contract.

7. The Contract also provides that in the event that a suit is brought to enforce or interpret the Contract, the prevailing party will be entitled to recover its attorneys' fees.

8. On May 22, 2007, an action was commenced in the Northern District of California, San Francisco entitled *Deborah Wilson v. Compass Vision, Inc. et al.*, as Case Number C-07-03431 BZ. An Amended Complaint was filed on January 7, 2008. Plaintiff alleges in said Amended Complaint that, *inter alia*, Compass administered and promoted an alcohol detection test, known as "EtG," that was inaccurate and unsupported scientifically, thereby causing "false positive" results. Plaintiff claims that, as a result thereof, she sustained damages.

-2-

THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF                                                                                                    CASE NO. C-07-03441 BZ

9. Compass denies Plaintiff's allegations. Plaintiff's Amended Complaint is incorporated herein for purposes of reference only.

### FIRST CAUSE OF ACTION
(Breach of Contract)

10. Compass refers and incorporates herein by reference the allegations of paragraphs 1 through 9 as though fully stated herein.

11. The Contract includes, among other things, an agreement by Maximus to defend, indemnify and hold Compass harmless from any and all "claims, losses, liabilities or expenses (including without limitation attorneys' fees) which may arise in whole or in part, out of (i) the negligence or willful misconduct of MAXIMUS, its employees or agents, or (ii) a breach by MAXIMUS of its obligations under [the Contract]. (Exhibit "A," ¶ 13.)

12. Maximus breached the Contract in that Maximus has refused to defend, indemnify and hold harmless Compass for the claims of Plaintiff in this action.

13. Maximus has breached its Contract with Compass therefore causing damages to Compass as a result. The total amount of Compass' damages is not yet known and Compass will seek leave of Court to insert such amount at the time of trial.

### SECOND CAUSE OF ACTION
(Contractual Indemnity)

14. Compass refers and incorporates herein by reference the allegations of paragraphs 1 through 13 as though fully stated herein.

15. Compass and Maximus entered into the Contract in which Compass agreed to furnish and perform various services. Under the terms of the Contract, Maximus agreed to defend, indemnify and hold harmless Compass from losses, costs, claims, damages, liabilities and attorney's fees which Compass incurs arising out of the negligence or willful misconduct of Maximus, its employees or agents, or a breach by Maximus of its obligations under the contract.

16. Compass furnished and fully performed its services as required under the Contract.

17. Plaintiff has filed a complaint in this action seeking damages arising out of Compass' alleged negligence in administering the EtG testing component of their Diversion Program. Compass denies that Plaintiff has been damaged in any sum or sums or at all. If Plaintiff sustained damages as alleged in her Complaint, such damages were caused entirely or in part by Maximus' negligence, willful misconduct and/or breach of its obligations under the Contract.

18. By virtue of the above-described Contract and applicable law, Maximus must defend, indemnify and hold Compass harmless for the amount of any judgment, settlement, claim and for expenses, costs of suit, attorney's fees, experts' fees and other damages and cost which Compass incurs in connection with this litigation as a result of any negligence, willful misconduct and/or breach of the terms of the Contract by Maximus, its employees or agents.

19. Compass has incurred, and continues to incur, necessary and reasonable attorneys' fees and other legal costs in defending this action. To the extent that Compass suffers any claims, losses, liabilities, costs, damages, expenses or attorney's fees, which arise in whole or in part out of the negligence or willful misconduct of Maximus, its employees or agents, or a breach by Maximus of its obligations under the Contract, Compass is entitled to all such claims, losses, liabilities, costs, damages, expenses or attorney's fees from Maximus. The total amount of Compass' losses, damages, costs and attorney's fees is not yet known and Compass will seek leave of court to insert such amount at the time of trial.

## THIRD CAUSE OF ACTION
### (Equitable Indemnity and Contribution)

20. Compass refers and incorporates herein by reference the allegations of paragraphs 1 through 19 as though fully stated herein.

21. As previously alleged herein, Plaintiff has alleged negligence against Compass, which is denied by Compass.

22. Compass is without fault, culpability or negligence in the Plaintiff's claim, but is being required to defend itself in an action as a result of Maximus' tortious conduct. Therefore,

-4-

THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF                                                                 CASE NO. C-07-03441 BZ

1  Maximus has an equitable obligation to indemnify and hold Compass harmless from and against
2  any and all claims, losses, damages, attorneys' fees, costs, judgments and settlement expenses
3  incurred in mitigation and defense against any action or claim asserted against Compass.
4  
5      23.     Compass contends that it is entitled to proceed against Maximus for a
6  determination of the extent to which Maximus should indemnify Compass for any judgment
7  made or entered against Compass arising from any assertions of the Plaintiff in this action.
8      24.     Compass further contends that if it is found liable to Plaintiff, Compass should be
9  indemnified by Maximus on the basis of a comparison of Compass' comparative fault (if any)
10 with that of Maximus, and each of them, under the principles of partial and comparative
11 indemnity.
12     25.     If Compass is held liable to Plaintiff upon her Complaint, then Compass is
13 entitled to be indemnified by Maximus in whatever amounts may be adjudged, and for its costs
14 
15 and expenses incurred in the defense of this action, including reasonable attorneys' fees. The
16 total amount of Compass' losses, damages, costs and attorney's fees is not yet known and
17 Compass will seek leave of court to insert such amount at the time of trial.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

    26.     Compass refers and incorporates herein by reference the allegations of paragraphs 1 through 25 as though fully stated herein.

    27.     An actual controversy has arisen and now exists between Compass and Maximus concerning their respective rights and duties under the Contract concerning the indemnity obligations under the Contract.

    28.     On the one hand, Compass claims that Maximus is required to indemnify, defend and hold harmless Compass for the claims made by Plaintiff against Compass in this action. On

-5-

THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE
INDEMNITY AND DECLARATORY RELIEF                                                CASE NO. C-07-03441 BZ

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1 | the other hand, Maximus denies that it is obligated to defend, indemnify and hold harmless
2 | Compass for the claims made by Plaintiff against Compass in this action.
3 |     29.    A judicial declaration is necessary and appropriate at this time under the
4 | circumstances in order that Compass may ascertain its and Maximus' rights and obligations
5 | under the Contract. To date, Compass has incurred attorneys' fees, expert witness and
6 | consulting fees, court costs and other costs related to Plaintiff's action against Compass. The
7 | total amount of Compass' losses, damages, costs and attorney's fees is not yet known and
8 | Compass will seek leave of court to insert such amount at the time of trial.
9 | **WHEREFORE**, Compass prays for judgment in its favor as follows:
10 |     1.    For a declaration of the amount that Maximus is obligated to pay Compass if
11 | Compass is compelled to pay any sum as the result of any damages, judgment, or other awards
12 | which are or may be recovered by Plaintiff against Compass;
13 |     2.    For a declaration that Maximus is liable to Compass for a reasonable sum for
14 | attorney's fees., expert witness and consulting fees, court costs, and all other costs incurred in
15 | this action or proceeding brought against Compass by Plaintiff;
16 |     3.    For general damages according to proof;
17 |     4.    For reasonable attorney's fees;
18 |     5.    For cost of suit herein; and
19 |     6.    For such other and further relief as this Court deems just and proper.

Dated: March ___, 2009                GORDON & REES LLP

By: /s/ Catherine A. Salah
      CATHERINE A. SALAH
      Attorneys for Defendant
      COMPASS VISION, INC.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF    CASE NO. C-07-03441 BZ

1 | COMPASS hereby demands trial by jury.

2 | Dated: March ___, 2009

GORDON & REES LLP

By: /s/ Catherine A. Salah
_____
CATHERINE A. SALAH
Attorneys for Defendant
COMPASS VISION, INC.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

THIRD PARTY IMPLEADER COMPLAINT FOR BREACH OF CONTRACT, EXPRESS CONTRACTUAL INDEMNITY, EQUITABLE INDEMNITY AND DECLARATORY RELIEF

CASE NO. C-07-03441 BZ