UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURA FUJISAWA, et al. | ) | |
| Plaintiff(s), | ) | No. C07-5642 BZ |
| v. | ) | Related Cases: C07-3431 BZ |
| | ) | C08-4118 BZ |
| COMPASS VISION, INC., et al., | ) | C09-2016 BZ |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION TO AMEND THE ANSWER** |
| Defendant(s). | ) | |

Before the Court is defendant National Medical Services, Inc.'s ("National") motion to amend the answer (Doc. No. 64) to include additional affirmative defenses and to modify certain admissions. Plaintiff does not oppose the addition of the defenses but does oppose the modification of six answers to allegations. Because plaintiff has failed to show any prejudice, undue delay, bad faith, or futility, the motion is **GRANTED** in its entirety.

"In determining whether amendments are appropriate, courts commonly consider four factors: 1) bad faith of the moving party, 2) delay in the proceedings, 3) prejudice to the

1

nonmoving party, and 4)futility of the amendment." Genentech, Inc. v. Abbot Laboratories, 127 F.R.D. 529, 530 (N.D.Cal. 1989) citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "The party opposing amendment bears the burden of showing why amendment should not be granted." Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., 2008 WL 624771, at *6 (N.D.Cal. 2008).

Here, plaintiff has provided no argument or authority to suggest that the requested amendments are improper. Plaintiff made bare allegations that the amendments are "in bad faith," "unfair," and "prejudicial." Doc. No. 148, p. 2. However, plaintiff failed to submit evidence or authority to support her allegations and therefore failed to carry her burden in opposing the motion.

Further, National stated in its moving papers that its goal in amending the answer was to align the allegations and denials in this case with its answer in the Byrum case (C09-2016) filed on June 26, 2009, a related case in which plaintiff's attorney is also lead counsel. The amendments that National proposes in this case are identical to the allegations and denials in its answer in the Bryum case. It is difficult to conceive how plaintiff would be prejudiced in any meaningful way, and plaintiff has failed to articulate any particular harm that would result from the amendments.

This case is similar to Dabbas v. Moffitt & Associates, 2008 WL 686687 (S.D.Cal. 2008), which permitted the defendant to amend its answer to change an inadvertent admission to a denial shortly after discovering that prior counsel had

1  mistakenly admitted a significant fact.  The court found that
2  plaintiff had not shown "undue prejudice, undue delay, or bad
3  faith" and granted defendant's motion to file an amended
4  answer.  Id. at *4.
5      Here too, National's answer was drafted by prior counsel.
6  Though National's new counsel should have made the amendments
7  earlier, plaintiff has not made any showing of prejudice.
8  Plaintiff's counsel was on notice of the substance of the
9  proposed amendments as early as June 25, 2009, when National
10 filed its answer in the Byrum matter.  Moreover, it appears
11 little discovery has been taken thus far and the Court has
12 recently extended the discovery deadlines and trial date.
13     **IT IS ORDERED** that defendant's motion to amend the answer
14 is **GRANTED**.  Defendant shall file its amended answer by
15 **FEBRUARY 10, 2010.**  The Court find no need for argument and
16 the hearing scheduled for February 17, 2010 is **VACATED**.  All
17 requests for telephonic appearance at the February 17, 2010
18 hearing are denied as **MOOT**.
19 Dated: February 8, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\ORDER GRANTING DEF'S MOT TO AMEND.FINAL VERSION.wpd