UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FUJISAWA, et al.<br><br>         Plaintiff(s),<br><br>     v.<br><br>COMPASS VISION, INC., et al.,<br><br>         Defendant(s). | No. C07-5642 BZ<br><br>Related Cases: C07-3431 BZ<br>               C08-4118 BZ<br>               C09-2016 BZ<br><br>**ORDER DENYING MOTION TO SEVER** |

The Court understands the posture of this case, as it approaches trial, to be as follows[1]:

Plaintiff Fujisawa claims that she was improperly disciplined as a result of EtG tests she took which were interpreted by Compass Vision and National to have produced positive results. She claims that EtG tests produce faulty results because the test results are affected not only by alcohol but by other common products such as hand sanitizers. She denies using alcohol. She asserts that a variety of

---

[1] It does not appear to be clear to Maximus that only the claim of Dr. Fujisawa is going to trial this fall.

1

1  independent and regulatory warnings cautioned against undue
2  reliance on EtG test results.
3       Compass denies that the EtG test results were not
4  reliable and asserts that Maximus was responsible for
5  interpreting the results and deciding whether the results
6  Compass reported indicated that Dr. Fujisawa had violated the
7  terms of her recovery program.  Compass asserts that if Dr.
8  Fujisawa prevails, it will be because Maximus misinterpreted
9  the results and improperly disciplined her.  In that event,
10 Compass claims, Maximus will have breached the agreement with
11 Compass, entitling Compass to indemnity.[2]
12      At oral argument, Maximus insisted that the facts adduced
13 during discovery will not support the claims Compass has
14 advanced.  If that is so, it is better asserted by a Rule 50
15 or 56 motion, than by a motion to sever.
16      Both sides agree that the decision to sever lies within
17 the discretion of the Court.  Maximus has not met its burden
18 of establishing grounds for severance.  Several factors weigh
19 against the Court using its discretion to sever the third
20 party complaint.  One is the danger of inconsistent results.
21 The first jury could conclude that the EtG test was not an
22 appropriate test in determining whether Dr. Fujisawa had
23 violated the recovery program or that Maximus was responsible

---

[2] While this may not be entirely clear from the third party complaint, it is clearer from the argument in opposition to a motion to sever (see e.g., pgs. 5-7).  It became less clear at oral argument, when Compass argued, inter alia, that Maximus had somehow caused Compass to promote EtG tests in spite of regulatory warnings.  The Court placed more credence on Compass's written arguments.

for some of the conduct at issue.  Since Maximus will not be a party to the first trial, no principle of collateral estoppel or res judicata of which the Court is aware, will prevent Maximus from re-litigating such issues and possibly persuading a second jury that the test was appropriate or that it was not responsible.  Nor would Maximus consent to be bound by any adverse findings in the first trial.

It also appears that much testimony would have to be replicated in the second trial.  For example, Compass asserts that the decision to discipline Dr. Fujisawa involved a determination that she had used alcohol not just that she had tested above a certain EtG level and that it was Maximus who had made this erroneous determination.  It would seem that Dr. Fujisawa and whoever made the determination would have to testify at both trials.  It would also seem that much of testimony about the efficacy of the EtG test would have to be repeated.

Third, granting a severance does not advance the Court's approach to managing these related cases by having Fujisawa serve as a "test case" which could lead to the disposition of the other cases.

Further, under no circumstance would the severance result in just one trial as Compass has declared its intent to seek indemnity from Maximus even if Compass prevails at trial against Dr. Fujisawa, because Maximus has declined to provide a defense.

///
///

For the foregoing reasons, **IT IS ORDERED**, in the Court's discretion, that the motion to sever is **DENIED**.

Dated: May 6, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\ORDER DENYING MOTION TO SEVER.BZ.FINAL RULING.wpd

4