1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10
11  LAURA FUJISAWA, et al.      )
                                )
12           Plaintiff(s),      )   No. C07-5642 BZ
                                )
13       v.                     )   Related Cases: C07-3431 BZ
                                )                  C08-4118 BZ
14  COMPASS VISION, INC., et    )                  C09-2016 BZ
    al.,                        )
15                              )   **ORDER RE MAXIMUS'S**
                                )   **ADMINISTRATIVE MOTION TO**
16           Defendant(s).      )   **SEAL**
                                )
17

**IT IS ORDERED** that Maximus's motion to seal portions of the record it has filed in support of its summary judgment motion is **DENIED IN PART AND GRANTED IN PART.** Civil Local Rule 79-5(a) provides that a court may issue a sealing order "upon request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." The Ninth Circuit has held that:

> "the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary

1

1     judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Valley Broadcasting*, 798 F.2d at 1294; *accord Foltz*, 331 F.3d at 1135-36 (noting that " 'summary judgment adjudicates substantive rights and serves as a substitute for trial' ") (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir.1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id*."

Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  If a party requests that a document remain under seal because it contains confidential business information, it must show "that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." Contratto v. Ethicon, Inc., 227 F.R.D. 304, 307-08 (N.D. Cal. 2005).

    In the interests of expeditiously resolving the motions for summary judgment, the motion to seal is **GRANTED** with respect to Exhibit M to the Meier Declaration and Exhibits N, O, P, Q and R to the Matthews Declaration.  However, the Court believes that plaintiffs have placed certain aspects of their medical history at issue by filing these lawsuits and, in view of the public safety issues involved, may need to reconsider some or all of this ruling.

    The motion is **DENIED** as to the remaining exhibits to the Matthew and Meier Declarations as to which sealing is sought. While there may be information in those exhibits for which sealing is appropriate, the Maximus proposal is not narrowly

2

1  tailored to protect that information.  It is hard to conceive
2  how documents such as Exhibit B to the Matthews Declaration, a
3  copy of the State of California's Standard Agreement with
4  Maximus, could be completely sealed.
5      As to Exhibit J, the Court does not believe that Business
6  and Professions Code Sections 156.1 and 2770.12 require that
7  this document be sealed in its entirety.  First, the ability
8  to seal documents in federal court is governed by federal law.
9  Second, the Court reads these sections as focusing on
10 documents pertaining to the treatment and rehabilitation of
11 individuals covered by the programs; not to general guidelines
12 for the provision of such services which do not pertain to any
13 of the individuals being treated.  The Court cannot find
14 Business and Professions Code Section 1449.
15      By **July 9, 2010,** Maximus shall file revised documents
16 which conform with this sealing order.
17 Dated: July 2, 2001

                              _____
                                    Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\ORDER RE MAXIMUS MOT TO SEAL.wpd

3