1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  LAURA FUJISAWA, et al.      )      No. C07-5642 BZ
                                )
12            Plaintiff(s),     )      Related Cases: C07-3431 BZ
                                )                     C08-4118 BZ
13        v.                    )                     C09-2016 BZ
                                )
14  COMPASS VISION, INC., et    )
    al.,                        )      **ORDER GRANTING MAXIMUS'S**
15                              )      **MOTION FOR SUMMARY JUDGMENT**
                                )
16            Defendant(s).     )
    _____ )
17

18       Third-Party Defendant and Counterclaimant Maximus, Inc.

19  ("Maximus") moves for summary judgment against Compass Vision,

20  Inc. ("Compass") on its complaint for indemnity.[1]  Maximus

21  does not move for summary judgment on its counterclaim against

22  Compass.  For the following reasons, Maximus's motion is

23  **GRANTED.**

24       Maximus and Compass entered into a Consulting Agreement

25  ("the Contract") which required Compass to "assist with the

26  _____

27       [1]    All parties have consented to my jurisdiction,
    including entry of final judgment, pursuant to 28 U.S.C.
28  § 636(c) for all proceedings.

                                1

1    development, coordination, and provision of laboratory

2    services for Participants of the California Department of

3    Consumer Affairs Diversion Program," the program in which

4    plaintiff Dr. Fujisawa was a participant.[2]  Doc. No. 226-1,

5    Swider Decl. Ex. 4.  Maximus's sole obligation under the

6    Contract was to "pay Compass Vision" according to a fee

7    schedule.  Under the indemnification provision of the

8    Contract, Maximus agreed to

9          defend, indemnify and hold Compass Vision harmless from
           and against any and all claims, losses, liabilities or
10         expenses (including without limitation attorneys' fees)
           which may arise, in whole or in part, out of (i) the
11         negligence or willful misconduct of Maximus, its
           employees or agents, or (ii) a breach by Maximus of its
12         obligations under this agreement.

13   Id. § 13, P. 4.

14       Compass filed a third party complaint against Maximus for

15   (1) breach of contract, (2) contractual indemnity, (3)

16   equitable indemnity and contribution, and (4) declaratory

17   relief.  Doc. No. 113.  The only breach of which Compass

18   complains is Maximus's alleged failure to indemnify and defend

19   Compass in the underlying action.  Essentially, all four

20   causes of action seek indemnity from Maximus for any damages

21   and attorney fees which Compass incurs defending plaintiff Dr.

22   Laura Fujisawa's complaint.  Dr. Fujisawa did not sue Maximus

23   and makes no claims against it.

24       The parties agree that Compass is only seeking indemnity

25   for Dr. Fujisawa's claim, to the extent it arises from

26

27        [2]   A full recitation of the facts underlying their
     dispute appears in the Order denying Compass's motion for
28   summary judgment.  See Doc. No. 184.

1   Maximus's negligence or willful misconduct.  Opp. p. 12:8-9;

2   Motion p. 9.  By pointing to a lack of evidence, Maximus

3   shifted the burden to Compass first to present evidence of

4   negligent or willful misconduct by Maximus that resulted in

5   harm to plaintiff for which she seeks to hold Compass

6   responsible.  Dr. Fujisawa alleges that her damages in this

7   case stem from the wrongful promotion and use of ETG testing

8   as a reliable method of detecting intentional alcohol

9   consumption.  Maximus can only be required to indemnify

10  Compass for Dr. Fujisawa's damages if its negligence or

11  willful misconduct contributed to her damages.

12      Several provisions of the Joint Stipulated Statement of

13  Undisputed Material Facts resolve the issue of indemnity.

14  Doc. No. 212-1, "Joint Statement."  Compass stipulated that

15      in its administration of the Program, however, Maximus
        did not: promote the implementation of ETG testing in the
16      Program, decide to implement ETG testing, decide the cut-
        off levels used to determine a positive ETG result,
17      determine if a given ETG test result was a positive or a
        negative, or make decisions to terminate, discipline, or
18      remove a participant from the Program.

19  Joint Statement, No. 9 (emphasis in original).  The parties

20  further agreed that the Board implemented ETG testing, that

21  Compass promoted ETG testing, and that Maximus was a mere

22  middleman responsible for gathering test results from Compass

23  and transmitting them to the Board.  Joint Statement Nos. 10,

24  11, 41.  To the extent the Joint Statement tracks the

25  provisions of Dr. Fujisawa's complaint, Compass has agreed

26  that Maximus played no role in the damages that Dr. Fujisawa

27  is claiming.  It is difficult to conceive how Compass can

28  attribute any of Dr. Fujisawa's damages to Maximus's

1  negligence or willful misconduct given the undisputed facts.

2      Compass unsuccessfully attempts to defeat summary

3  judgment by presenting evidence that Maximus failed to perform

4  its obligations under its contract with the Board.  Compass

5  has not presented any evidence that anything Maximus did or

6  did not do under its contract with the Board resulted in the

7  harm for which Dr. Fujisawa is seeking relief.  Compass

8  presented evidence that Maximus failed to fulfill certain

9  contractual obligations, such as appointing a Medical Advisor,

10  but does not establish how that caused the problems with EtG

11  testing for which Dr. Fujisawa seeks to hold Compass liable.

12  Compass further states that "Maximus had the clinical

13  responsibilities for the Program" but fails to explain how

14  that creates a triable issue of fact, given the undisputed

15  facts.  Even if Maximus did hold such responsibilities and

16  failed to discharge them, Compass has not established how that

17  would obligate Maximus to indemnify Compass should Dr.

18  Fujisawa establish the deficiencies in the EtG testing program

19  she claims.

20      At oral argument, Compass reiterated the claim that

21  Maximius's alleged failure to perform certain of its

22  contractual obligations with the Board require Maximus to

23  indemnify Compass.  This argument misses the mark.  Even if

24  Maximus failed to appoint a Medical Review Officer or to

25  discharge its clinical responsibilities, Dr. Fujisawa is not

26  seeking damages for such conduct.  None of plaintiff's claims

27  against Compass arise from Maximus's conduct, and Compass is

28  therefore not entitled to indemnity from plaintiff's claims.

1    The only evidence that Compass submitted was declarations

2    replete with general testimony and legal conclusions.  See

3    e.g. Doc. No. 226-3, Brown decl. ¶ 6, 10, 14.  The Brown

4    declaration does not address Dr. Fujisawa's participation in

5    the Program with any degree of specificity.  It is unclear if

6    Ms. Brown even offers an opinion on Dr. Fujisawa's case.  For

7    example, Ms. Brown states that if Maximus had provided certain

8    resources, "it is likely that the Plaintiff would have

9    successfully completed the program." Id. ¶ 8.  Aside from

10   being entirely speculative, the conclusion offered by Ms.

11   Brown does not establish how the provision of additional

12   resources by Maximus would have altered the discipline that

13   the Board imposed on Dr. Fujisawa.  The declaration is written

14   almost entirely in generalities and does not create a triable

15   issue of fact as to causation.  The McKown declaration suffers

16   from similar defects.  Doc. No. 226-2.  In that declaration,

17   the President of Compass simply opines on the legal

18   obligations and shortcomings of Maximus.  The declaration does

19   not address Dr. Fujisawa's case at all.  Accordingly, the

20   declaration is entitled to very little weight and does not

21   create a triable issue of fact.

22   Compass cannot prove its entitlement to indemnity from

23   Maximus as a matter of law.  The undisputed facts establish

24   that Maximus had no role in causing the harm of which Dr.

25   Fujisawa's complains.  **IT IS THEREFORE ORDERED** that Maximus's

26   ///

27   ///

28   ///

5

1   motion for summary judgment on Compass's third-party complaint

2   is **GRANTED.**

3   Dated: August 13, 2010

4                                    _____
                                        Bernard Zimmerman
5                                  United States Magistrate Judge

6

7   G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\MAXIMUS MSJ ORD.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28