UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURA FUJISAWA, et al. | ) | No. C07-5642 BZ |
| Plaintiff(s), | ) | Related Cases: C07-3431 BZ |
| | ) | C08-4118 BZ |
| v. | ) | C09-2016 BZ |
| COMPASS VISION, INC., et al., | ) | **ORDER ON PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CERTAIN EXPERT TESTIMONY** |
| Defendant(s). | ) | |

This Order addresses plaintiffs' corrected motion in limine to preclude cumulative and/or incompetent expert testimony (Docket No. 343).

To the extent this motion objects to the competency and qualifications of any of defendants' proffered experts, I am unable to rule on them in as much as I do not have their CV's or any other information about their background. These issues will either be resolved at a hearing on the first day of trial or at a Daubert hearing.

Plaintiffs' motion to preclude Dr. Wu from presenting additional opinions no. 1 and no.6 is **DENIED**. From the

1

information I do have about his background, and especially his roles as former inspector for the College of American Pathologists and Toxicology Programs and a current member of Toxicology Resource Committee, Dr. Wu appears to be qualified to render these opinions.  If plaintiff has any doubts about the breath of his experience, she can explore that in cross-examination.

I do not understand the dispute over Dr. Wu's opinion no. 3.  It appears to be a mere recitation of testimony give by Sodergren and Stafford.  If as cited in his report, it is information on which he based his opinion, unless there is a dispute as to what Sodergren and Stafford testified, ordinarily Dr. Wu would be entitled to base his opinion on their testimony.

Dr. Wu will not be permitted to render opinion no. 4, at least as it is stated.  He will not be permitted to testify to his opinion of the extent of a testing laboratory's legal liability or who is legally obligated to make licensing decisions.  Nor will he be permitted to testify to the processes  followed in Connecticut, Massachuttes and New York for declaring a positive urine drug test result.  That does not appear to be an issue in this case, and it is not clear how the procedures followed in those states relate to the procedures followed in California.  Absent further foundational testimony, he will not be permitted to render this opinion.

As to opinion no. 5, absent further explanation for why he thinks that the SAMHSA "opinion is somewhat taken out of

1  context for this case" he will not be permitted to render
2  that opinion.  If he has knowledge that SAMHSA regulates
3  mandatory work place drug testing and not voluntary
4  compliance programs, and his understanding is not disputed,
5  and this statement supports one of his opinions, he will be
6  permitted to so testify.  He will be permitted to testify to
7  the last sentence of opinion no. 5.
8     Dr. Flanagan's testimony, to the extent that it is
9  consistent with his report, will not be allowed under Rule
10 702 and 403.  Having read the report, I conclude that as
11 presently constituted it will not assist the jury in
12 understanding the evidence or determining a fact at issue for
13 numerous reasons.  It is not clear as to what disputed issue
14 in the case Dr. Flanagan's opinion is relevant.  Nothing in
15 his report appears to relate to Dr. Fujisawa.  Indeed, it
16 does not even appear that he has reviewed her records, as
17 opposed to the records of a number of other individuals, who
18 are not part of this case.  To allow him to render an opinion
19 as to Dr. Fujisawa by generalizing from his review of records
20 of other individuals, would only not be helpful to the jury
21 but would be prejudicial to plaintiff.  To the extent that he
22 opines as t the reasons for having diversion and recovery
23 programs or monitoring the conduct of pharmacists, it is not
24 clear that he is qualified to render such an opinion; that
25 testimony should properly come from the Board.  Nor is there
26 anything in his report that suggests that he is qualified to
27 render such opinions as the ETG test "is the best test for
28 monitoring a participant's compliance" or a number of the

1 other sweeping opinions in his report.

2    The Court will make a final decision on Mr. Schults on
3 the first day of trial.  However, Mr. Schults will not be
4 permitted to opine as to legal conclusions such as "the
5 essential contractual obligation of a private toxicology
6 laboratory."  The overriding concern I have with Mr.
7 Schults's report is that it is not clear to me under Rule
8 702, how his testimony would help the jury or what disputed
9 issues he is addressing.  Much of his report would seem to
10 address what  Dr. Brown, the medical review officer did or
11 did not do.  To the extent that it addresses the contractual
12 claims that Compass may have against Maximus, they are not
13 part of this trial.

14    If it is established that he has a technical or
15 scientific background to opine that the SAMHSA statement is
16 scientifically unsupportable, he will be permitted to render
17 that opinion.  However, I do not have his CV.

18    Dr. Brown can testify as a factual witness to what she
19 did as a medical review officer and her interactions with the
20 plaintiff.  However, I am unable to see the relevance of some
21 of the opinions she expresses in her report or how they will
22 assist the jury in resolving disputed issues of fact.  For
23 example, she opines that all diversion programs should have
24 either a medical director or medical consultant.  I am not
25 aware that this is an issue in this lawsuit.  Once again,
26 without having the benefit of Dr. Brown's CV, I am unable to
27 determine whether she is qualified to render some of opinions
28 she renders with respect to participants in recovery

programs.

I believe the rest of the disputed experts have been withdrawn.

Dated: November 16, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\PRETRIAL\ORDER ON PLTFS MOT IN LIMINE TO PRECLUDE CERTAIN EXPERT TESTIMONY.wpd

5