UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FUJISAWA, et al. | No. C07-5642 BZ |
| Plaintiff(s), | Related Cases: C07-3431 BZ |
| | C08-4118 BZ |
| v. | C09-2016 BZ |
| COMPASS VISION, INC., et al., | **ORDER DENYING STATE OF CALIFORNIA'S MOTION TO SEAL** |
| Defendant(s). | |

The motion of the non-party, California Department of Consumer Affairs (Department) to require that some of the exhibits and testimony at this trial be sealed is **DENIED** for the following reasons:

1. The application is untimely. This issue surfaced in August yet the Department waited until the eve of trial to file its motion, requiring the trial to begin before the motion could be considered.¹

---

¹ When this issue first arose, the Court suggested that the Department meet and confer with the parties in an effort to eliminate redacted portions of exhibits that the Department wanted to seal. Rather than attempting to do this, the

1

2.   The application does not comply with Local Rule 79-5 and governing case law.  In particular, no declaration was filed establishing the harm to the Department should this evidence be in the public record.  Instead, a memorandum containing conclusory statements was filed notwithstanding the Court's prior admonition to the Department that an effort to seal testimony and exhibits at a public trial in federal court would require a substantial showing of harm to the Department if the exhibits and testimony were to remain public.  The Court has reviewed many of the portions of exhibits which the Department seeks to seal and has concluded that the potential harm to the Department is minimal or non-existent.

3.   The minimal need for confidentiality is outweighed by the inconvenience and disruption to the parties if, every time a question were asked about the workings of the recovery program, the trial had to be stopped, and the courtroom cleared.  Nor has movant cited any authority for the proposition that jurors are obligated to maintain the confidentiality of the testimony and exhibits at trial.

4.   Maintaining the degree of confidentiality and sealing that movant desires would undermine the Court's management of this litigation which has permitted Dr. Fujisawa to proceed as a lead plaintiff.  The Court's goal is that this trial serve as a template for resolving the claims of the many other plaintiffs which involve these same issues;

---

Department filed this untimely motion.

1  a goal which would not be helped if portions of the trial are
2  under seal.
3      That said, at the conclusion of the trial, the
4  Department may review the exhibits that actually went into
5  evidence and, if it cares to, the transcript, and file a
6  motion in compliance with Local Rule 79-5 to seal narrowly
7  tailored portions of the exhibits and the transcript as to
8  which the Department can make the required showing of the
9  need for confidentiality and sealing.
10 Dated: December 6, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FUJISAWA V. COMPASS VISION\ORDER DENYING STATE OF CA MOT TO SEAL.wpd