1   DAVID LAVINE, SBN 166744
    A. MICHELLE REED, SBN 223702
2   FARALLON LAW GROUP LLP
    459 Fulton Street, Suite 102
3   San Francisco, CA 94102
    Telephone: (415) 255-2450
4   Facsimile:  (415) 255-2451

5   Attorneys for Third-Party
    COMPASS VISION, INC.
6

7   JEREMY MEIER, SBN 139849
    THOMAS A. WOODS, 201050
8   GREENBERG TRAURIG LLP
    1201 K Street, Suite 1100
9   Sacramento, CA  95814
    Telephone: (916) 442-1111
10  Facsimile:  (916) 448-1709

11  Attorneys for Third-Party
    MAXIMUS, INC.
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16  LAURA FUJISAWA, et al.,              No. C07-5642 BZ

17         Plaintiff,                    Related Cases:  C07-3431 BZ
                                                         C08-4118 BZ
18      vs.                                              C09-2016 BZ

19  COMPASS VISION, INC., et al.         **STIPULATED SETTLEMENT AND
                                         CONSENT JUDGMENT RE:  THIRD-
20         Defendants.                   PARTY ATTORNEYS' FEES AND COSTS;
                                         [PROPOSED] ORDER**
21

22  COMPASS VISION, INC.,

23         Third-Party Plaintiff,

24      vs.

25  MAXIMUS, INC.,

26         Third-Party Defendant.

27

28

                                    -1-                  No. C07-5642 BZ

    STIPULATED SETTLEMENT AND CONSENT JUDGMENT RE:  THIRD-PARTY ATTORNEYS' FEES AND COSTS

1

## BACKGROUND

2       1.    These are civil actions for damages brought by multiple pharmacists and

3   nurses ("plaintiffs") in the Northern District of California, and Southern District of

4   California for the alleged improper marketing and use of an alcohol detection test known

5   as EtG ("EtG claims"). A single plaintiff tried her claim to a jury in the Northern District

6   of California while other like California claims were stayed or pending. The jury returned

7   a finding of no liability as to both defendants. Other plaintiffs have since decided to

8   dismiss their related claims, such that no further EtG claims remain in the California

9   federal courts.

10       2.    Defendant and Third-Party Plaintiff Compass Vision, Inc. ("Compass

11   Vision") has been and is now a corporation with its principal headquarters located in

12   Oregon. Compass Vision was and is a Third-Party Administrator ("TPA") of drug testing

13   services for diversion programs for drug and alcohol-addicted health care professionals in

14   selected states. For purposes of this case, Compass Vision sub-contracted with fellow

15   defendant National Medical Services, Inc. (NMS) to provide drug testing, including for

16   EtG, to the California diversion programs for pharmacists and nurses.

17       3.    Third-Party Defendant MAXIMUS, Inc. ("MAXIMUS") has been and is

18   now a corporation with its principal headquarters located in Virginia. MAXIMUS was

19   and is a diversion program contractor in California. For purposes of this case, as the

20   contractor for the California diversion programs, MAXIMUS sub-contracted the

21   Program's drug testing services to Compass Vision. MAXIMUS was not named as a

22   defendant in the instant suits, but was impleaded by Compass Vision as a third-party

23   defendant.

24       4.    Summary judgment was granted for MAXIMUS on all of Compass Vision's

25   third-party claims in the Southern District of California, and also as to the claim of the

26   lead active Plaintiff's case in the Northern District of California. All remaining third-

27   party claims against MAXIMUS in the Northern District, as well as third-party

28   counterclaims brought by MAXIMUS against Compass Vision, have been or will be

STIPULATED SETTLEMENT AND CONSENT JUDGMENT RE: THIRD-PARTY ATTORNEYS' FEES AND COSTS

1    dismissed by these parties pursuant to stipulations filed in the Northern District.

2         5.     The subcontract between MAXIMUS and Compass Vision provides for the

3    award of attorneys' fees resulting from contract disputes in certain circumstances.

4    MAXIMUS contends that it is the prevailing party in the third-party claims brought by

5    Compass Vision, and under the contract with Compass Vision is now entitled to collect

6    attorneys' fees and costs.  MAXIMUS has moved for attorneys' fees and costs in the

7    Southern District of California, and has planned to do so in the Northern District of

8    California.

9         6.     Compass Vision disputes that MAXIMUS is entitled to attorneys' fees and

10   costs in either judicial district in the first instance and, in the alternative, disputes that

11   MAXIMUS is entitled to the amount of attorneys' fees and costs it has demanded.

12   <u>STIPULATED SETTLEMENT RECITALS AND RETENTION OF JURISDICTION</u>

13        Compass Vision and MAXIMUS ("the Parties") have engaged in settlement

14   negotiations between themselves and under the supervision of both Courts.  Having now

15   reached a settlement of MAXIMUS claims for attorneys' fees and costs related to

16   MAXIMUS defense of Compass's indemnity claims in the EtG cases, the Parties and their

17   attorneys, officers, directors, shareholders, members, partners, board members,

18   employees, consultants, representatives, agents, predecessors, successors, insurers,

19   insureds, sureties, subcontractors, suppliers, assigns, subsidiaries, parent corporations,

20   divisions, joint venture partners and affiliated entities, both public and private, agree to

21   mutually and generally release and to forever discharge each other and each other's

22   attorneys, officers, directors, shareholders, partners, members, board members, lenders,

23   employees, consultants, representatives, agents, predecessors, successors, sureties,

24   subcontractors suppliers, assigns, subsidiaries, parent corporations, divisions, joint venture

25   partners and affiliated entities, both public and private, under the following terms and

26   conditions:

27        1.     Compass Vision and MAXIMUS agree that Compass Vision shall pay to

28   MAXIMUS a total of $300,000.00, according to the following payment schedule:

$1,000.00 by the fifth day of each month starting from January 5, 2012 and ending on December 5, 2013;[1]

$3,000.00 by the fifth day of each month starting from January 5, 2014 and ending on December 5, 2014;

$5,000.00 by the fifth day of each month starting from January 5, 2015 and ending on December 5, 2018.

2.      The payments described in this Agreement shall be made by check, payable to "MAXIMUS, Inc.," mailed to the following addressee:

MAXIMUS Accounts Payable
PO BOX 791188
Baltimore, MD 21279-1188

3.      Compass Vision and MAXIMUS further agree that Compass Vision will be permitted a five-day grace period, to the tenth day of each month, before payment can be deemed late.

4.      If Compass Vision fails to make full payment due by the tenth day of any month, Compass shall be in breach of this agreement.  In the event of such breach, and at the end of the first ten (10) days of non-payment of the amount owed for the period, Compass Vision and MAXIMUS agree that: Compass Vision shall be assigned an initial "late payment penalty" for the unpaid balance owed for that initial period that is no greater than 5% of the unpaid balance due and owing for the period; and, for any and all subsequent late payments thereafter, Compass Vision shall owe an additional 10% of the unpaid balance each month (including any accrued late pay penalties).

5.      Compass Vision and MAXIMUS further agree that if any payment is deemed late pursuant to earlier recitals, Compass Vision shall have the right to cure such late payment by tendering that payment in full, plus accrued late payment penalties, no later than the payment deadline of the second following month – i.e., by the fifth day of

---

[1]  Unless stated otherwise in this Agreement, should any date for payment fall on a weekend or holiday, the deadline for payment is automatically extended to the next business day.

-4-

No. C07-5642 BZ

STIPULATED SETTLEMENT AND CONSENT JUDGMENT RE:  THIRD-PARTY ATTORNEYS' FEES AND COSTS

1    the second month following the breach.  During the period permitted to cure a late

2    payment, MAXIMUS is not permitted to petition a Court for relief based on any such

3    alleged breach.  Late payment in full by the fifth day of the second following month will

4    return Compass Vision to good standing under this Stipulated Settlement and Judgment.

5         6.    If, however, Compass Vision fails to make full payment (including payment

6    of late payment penalties) by the fifth day of the second month following a payment that

7    is less than the full amount owed, Compass Vision shall be deemed "in full default," and

8    the full amount of the unpaid balance owed under this Agreement (including then existing

9    late payment penalties) shall be immediately due and owed to MAXIMUS.

10        7.    Compass Vision and MAXIMUS agree that, in the case of any dispute

11   arising out of or related to any alleged failure to perform in accordance with the terms of

12   this Stipulated Settlement and Judgment, the party asserting a failure of performance shall

13   notify the other party via overnight mail and electronic mail, through counsel Jeremy

14   Meier at the above law firm and address for MAXIMUS, and Robert Swider at Swider

15   Medeiros Haver LLP, 621 SW Morrison, Suite 1420, Portland, Oregon 97205 for

16   Compass Vision.  Any party may modify the person and address to whom the notice is to

17   be sent by sending each other Party notice by overnight mail and electronic mail.

18        8.    Within five business days of the notification, the parties shall meet and

19   confer in a good-faith effort to resolve the dispute.  If the parties are unable to resolve the

20   dispute through the meet and confer process, either party may file a motion with the Court

21   to resolve the issue or issues specified in the meet and confer process and/or to enforce the

22   terms and conditions contained in this Consent Judgment.

23        9.    It is further understood and agreed by the Parties that, subject to the

24   provisions of sections 7 and 8, if at any time a violation of any term of this Agreement is

25   asserted by any Party hereto, that Party shall have the right to seek judicial enforcement of

26   the Agreement, and/or any other necessary and proper relief, and the prevailing party shall

27   be entitled to recover its reasonable costs and attorneys' fees.  Furthermore, this

28   Agreement may be enforced by any Party by any procedure permitted by law and nothing

herein shall preclude a Party from seeking relief for breach of this Release, or for acts, omissions or conditions that occur subsequent to the execution of this Release.   Nothing herein shall be a defense or bar to any subsequent action to enforce or otherwise preserve the parties' rights.

10.     Compass Vision and MAXIMUS agree that the United States District Courts for the Southern and Northern District of California shall have jurisdiction to enforce the terms of this Stipulated Settlement and Judgment until all payments have been made, and that any disputes or motions related to the enforcement of this Consent Judgment shall be brought in the Southern District.  Once final payment in full has been made, jurisdiction will end.

<div align="center">CLAIMS COVERED AND RELEASED</div>

1.     Compass Vision and MAXIMUS agree that this Stipulated Settlement and Judgment shall act as a full and final resolution of any and all claims, actions, causes of action, based on any statute or provision of common law, whether legal or equitable, that could have been brought in this action or in any other proceeding or forum, whether known or unknown, and all liability arising out of, or in any way related to, claims arising out of, or in any way related to, their activities in the California Diversion Program and their subcontract.  MAXIMUS specifically waives and releases Compass Vision, and Compass Vision specifically waives and releases MAXIMUS, from all claims and potential claims to attorneys' fees and costs, except as provided herein.

2.     Compass Vision and MAXIMUS further agree and acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true, and that they may have sustained or may yet sustain damages, costs or expenses that are presently unknown and that relate to the matters encompassed by their settlement and this Order.  Compass Vision and MAXIMUS nevertheless agree and acknowledge that they have negotiated, agreed upon, and entered into their settlement in light of such possibilities, and it is their mutual intention that this Stipulated Settlement and Judgment, to the fullest extent possible, be effective as a bar to any and all actions,

1   fees, damages, losses, claims, liabilities and demands of whatever character, nature and

2   kind, known or unknown, suspected or unsuspected.  In furtherance of this intention,

3   Compass Vision and MAXIMUS waive any and all rights which they may have under

4   state or federal statute or common law principle that would otherwise limit the effect of

5   this Judgment to claims known or suspected at the date on which the Parties hereto

6   execute their settlement, including but not limited to the protections and effect of Section

7   1542 of the California Civil Code, which provides:

8         A general release does not extend to claims which the creditor does
    not know or suspect to exist in his favor at the time of executing the

9         release, which if known by him must have materially affected his
    settlement with the debtor.

10

11       3.     This Stipulated Settlement and Judgment may be executed in counterparts,

12   each of which will be considered an original, but all of which, when taken together, will

13   constitute one and the same instrument.

14       4.     The captions used in this Stipulated Settlement and Judgment are meant to be

15   an aid in interpreting it.  To the extent they conflict with any substantive provisions, they

16   are to be disregarded.

17       5.     The language of this Stipulated Settlement and Judgment shall be construed as

18   a whole according to its fair meaning, and as the product of fair negotiation and joint

19   drafting, and as such not strictly for or against either of the parties to it.

20       6.     The Parties agree that they will now and in the future execute any and all

21   documents, releases, dismissal notices, and any other form of written documentation

22   necessary to fulfill the terms and obligations of this Stipulated Settlement and Judgment.

23   Upon full execution and approval by the Court of this Stipulated Settlement and Judgment,

24   MAXIMUS will file its Notice of Withdrawal of Motion for Attorneys' Fees and its Bill of

25   Costs in this and related cases.

26       7.     The undersigned represent and warrant that they are authorized to sign on

27   behalf of, and to bind, their respective corporations, and have obtained all needed approvals

28   from within their corporations.

-7-            No. C07-5642 BZ

8. This Stipulated Settlement and Judgment shall be construed pursuant to the law of the State of California in effect on the date of this Stipulated Settlement and Judgment.

9. The Parties agree that facsimile signatures may be treated as originals for purposes of this Agreement.

10. This Agreement shall be binding on and shall inure to the benefit of the Parties hereto and their respective agents, partners, affiliates, officers, directors, employees, representatives, successors, assigns, attorneys, and insurers.

IT IS SO STIPULATED.


Dated: March _15_, 2011

COMPASS VISION, INC.

By _Kim_

Kim McKown, ~~Principal~~ *President*   Kim

Dated: March __, 2011

MAXIMUS, INC.

By ____

Michael Lemberg, Division President

8.   This Stipulated Settlement and Judgment shall be construed pursuant to the law of the State of California in effect on the date of this Stipulated Settlement and Judgment.

9.   The Parties agree that facsimile signatures may be treated as originals for purposes of this Agreement.

10.   This Agreement shall be binding on and shall inure to the benefit of the Parties hereto and their respective agents, partners, affiliates, officers, directors, employees, representatives, successors, assigns, attorneys. and insurers.

IT IS SO STIPULATED.


Dated:  March __, 2011

                    COMPASS VISION, INC.

                    By _____
                    Kim McKown, Principal

Dated:  March 17, 2011

                    MAXIMUS, INC.

                    By _____
                    Michael Lemberg, Division President

-8-

1    ORDER AND JUDGMENT ENFORCING STIPULATED SETTLEMENT

2         Notice having been given, and the Court having considered the Stipulated

3    Settlement, and it appearing to the Court that there is good cause to approve the Stipulated

4    Settlement, in that the amount of attorneys' fees and costs agreed to is reasonable,

5         **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the United

6    States District Court for the Northern District of California shall approve and

7    enforce as called upon the terms of this Stipulated Settlement.

8         **IT IS SO ORDERED.**

9

10        Dated:   March 17   , 2011

11

12        By _____

13                      Bernard Zimmerman
                   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | *LAURA FUJISAWA, et al. v. COMPASS VISION, INC., et al., and Related Third Party*
2 | *Complaint*
U.S. District Court for the Northern District of California, Case No. 3:07-cv-05642-BZ

3 | <center>**DECLARATION OF SERVICE**</center>

4 |     I am a citizen of the United States, over the age of 18 years, and not a party to or
5 | interested in this action. I am employed in the County of Sacramento, State of California and my business address is Greenberg Traurig, LLP, 1201 K Street, Suite 1100, Sacramento, CA
6 | 95814. On this day I caused to be served the following document(s):

7 | <center>***STIPULATED SETTLEMENT AND CONSENT JUDGMENT RE: THIRD-PARTY***
<center>***ATTORNEYS' FEES AND COSTS; [PROPOSED] ORDER***</center>

8 | ☒     **BY ELECTRONIC SERVICE.** I served the above listed document(s) via the United
9 | States District Court's Electronic Filing Program on the designated recipients through electronic transmission through the CM/ECF system on the Court's Website addressed
10 | to:

| | |
|---|---|
| Steven S. Kane, skane@thekanelawfirm.con<br>Norman Perlberger, perlberglaw@aol.com<br>Eliot H. Lewis, ehlewis@ppl-law.com | **Attorneys for Plaintiffs** |
| Robert A. Swider, robert@smhllaw.com<br>David Lavine, dlavine@farallonlaw.com | **Attorneys for Defendant and Third Party Plaintiff Compass Vision, Inc.** |
| David F. Beach, beach@perrylaw.net<br>Anne D'Arcy, darcy@perrylaw.net<br>Christian Barrett Green, christian.green@cna.com | **Attorneys for Defendant National Medical Services, Inc. d/b/a NMS Labs** |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on March 17, 2011 at Sacramento, California.

<div align="right">/s/Jeremy A. Meier<br>Jeremy A. Meier      </div>

STIPULATED SETTLEMENT AND CONSENT JUDGMENT RE: THIRD-PARTY ATTORNEYS' FEES AND COSTS